McNULTY, Judge.
In this pending medical malpractice action,[1] plaintiff-petitioners sought to discover certain information relating to medical malpractice liability insurance owned by the defendant doctor. Further, they represented that knowledge of such information was exclusively possessed by the defendant. Notwithstanding, the trial court sustained objections to plaintiff’s discovery efforts apparently on the grounds that the information sought was irrelevant, immaterial and not reasonably calculated to lead to admissible evidence. Petitioners now seek common law certiorari to review the action of the trial court aforesaid.
At the outset, we observe that there can no longer be any doubt that the principles announced in Shingleton v. Bussey[2] are applicable in medical malpractice actions.[3] That is to say, a plaintiff in such an action against a doctor has a right to join the malpractice liability carrier of the doctor. This necessarily implies, of course, the right to discover the identity of such carrier so that, in one action, all interested parties may be required to “lay their cards on the table” in discovery proceedings, settlement negotiations and pretrial hearings.[4] Patently, the result of the trial court’s order herein is to materially and irreparably frustrate this right. Moreover, such order was a material departure from the essential requirements of the now established law in the premises.[5] We think common law cer-tiorari is therefore appropriate to grant relief.
*69 Accordingly, certiorari is granted, the order under review is quashed, and the cause is remanded for further proceedings not inconsistent herewith.
Certiorari granted.
HOBSON, C. J., and LILES, J., concur.

. A prior appeal in this case is reported in 226 So.2d 245 (Fla.App.2nd 1969).

. (Fla.1969) 223 So.2d 713.

. Cf. Beta Eta House Corp. v. Gregory (Fla.1970), 237 So.2d 163. See also Benton v. Wickum, 233 So.2d 640 (Fla.App.4th 1970); Duran v. McPherson, 233 So.2d 639 (Fla.App.4th 1970); Beckerman v. Ujfalusy, 231 So.2d 559 (Fla.App.4th 1970); and Brown v. Williams, 236 So.2d 179 (Fla.App.2d 1970).

. See, Beta Eta House Corp. v. Gregory, id. and Cf. Durrett v. Davidson (Fla.App.2d 1970, 239 So.2d 46, Opinion filed August 19).

. See n. 3 supra.