CHARLES F. WALLS, JR., APPELLEE, V. LARRY J. HORBACH, APPELLANT.
JOHN DUIN, A MINOR, BY AND THROUGH DAVID DUIN, HIS FATHER AND NEXT FRIEND, APPELLEE, V. LIVESTOCK PRESS COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLANTS.
203 N. W. 2d 490

Filed January 12, 1973.   Nos. 38526, 38656.

Joseph S. Daly and Thomas J. Walsh and Michael R. O'Malley of Walsh, Walentine, Wolfe & Miles, for appellants.

Michael McCormack of McCormack, Cooney & Mooney and John T. Carpenter of Matthews, Kelley, Cannon & Carpenter, for appellees.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

In two cases the district court adjudged defendants Livestock Press Company and Larry J. Horbach in contempt of court for refusal to answer pretrial interrogatories.   The interrogatories requested information about the terms of any policies of insurance against the respectively alleged liabilities.   On appeals by Livestock

and Horbach the contentions are that the court (1) erred in overruling objections to the interrogatories and (2) usurped the legislative function by materially changing rules of discovery.

Our statutory sections, patterned after pre-1970 Rules 26(b), 26(d), and 30(b), Federal Rules of Civil Procedure, have not been amended. See, §§ 25-1267.02 and 25-1267.38, R. R. S. 1943. In 1964 we decided that they did not ordinarily authorize disclosure of information about liability insurance policies. Three judges dissented. See Mecke v. Bahr, 177 Neb. 584, 129 N. W. 2d 573 (1964). No one asserts manifestation of a legislative intention, except one by silence, on the subject since 1964.

Decisions of other courts are divided. The federal controversy was resolved in favor of disclosure by amendments of rules in 1970. Opinions of commentators reflect the judicial division. See, 2A Barron and Holtzoff, Federal Practice and Procedure, § 647.1, p. 78 (Wright, Rev. Ed., 1961); Davis, "Pretrial Discovery of Insurance Coverage," 16 Wayne L. Rev. 1047 (1970); 2 Long, The Law of Liability Insurance, §§ 25.02 to 25.04, p. 25-3 to 25-16 (1972); 4 Moore's Federal Practice, par. 26.62, p. 26-335 (2d Ed., 1972); Wilkerson, "Rule 26-The Procrustean Bed," 5 Land and Water L. Rev. 153 (1970); 8 Wright & Miller, Federal Practice and Procedure: Civil § 2010, p. 85 (1970).

Mecke v. Bahr, *supra*, is prospectively overruled, effective March 1, 1973. Our reasons are summarized as follows: ". . . (T)he question resolves itself to whether such information is relevant to the subject matter of the action. . . . (T)he requirement of relevancy . . . should be construed liberally and with common sense, rather than in terms of narrow legalisms. . . . The insurance policy is unique in that it is virtually the only fact bearing on the collectability of the judgment which plaintiff must ascertain from defendant or not at all. . . . Knowledge as to defendant's insurance permits a

more realistic appraisal of a case and . . . leads to settlement of cases which otherwise would go to trial." 2A Barron and Holtzoff, op. cit., § 647.1, pp. 80 to 82. See, also, Mecke v. Bahr, *supra* (White, C. J., dissenting); 8 Wright & Miller, op. cit., § 2010, p. 85.

We interpret the statutory provisions by adopting the language of Rule 26(b)(2), Federal Rules of Civil Procedure: "A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement." Our interpretation shall become effective March 1, 1973.

The contention that our conclusion in the setting of the Mecke interpretation usurps the legislative function is troublesome. See Atkins, ". . . Proposed Amendments . . . Relating to Discovery of Insurance Coverage . . .", 1968 Proceedings, A.B.A. Ins., Negl. & Comp. L. 575 at 579; Fournier, "Pre-Trial Discovery of Insurance Coverage and Limits," 28 Fordham L. Rev. 215 at 232 (1959); Comment, 35 Tenn. L. Rev. 35 at 69 (1967). We are nevertheless not persuaded. True, ". . . stare decisis embodies an important social policy. It represents an element of continuity in law, and is rooted in the psychologic need to satisfy reasonable expectations. But stare decisis is a principle of policy and not a mechanical formula. . . ." Helvering v. Hallock, 309 U. S. 106 at 119, 60 S. Ct. 444, 84 L. Ed. 604, 125 A. L. R. 1368 (1940). "It is at best treacherous to find in . . . (legislative) silence alone the adoption of a controlling rule of law." Girouard v. United States, 328 U. S. 61 at 69, 66 S. Ct. 826, 90 L. Ed. 1084 (1946). See, also, Wahoo v. Netha-

way, 73 Neb. 54, 102 N. W. 86 (1905); State v. Hill, 47 Neb. 456 at 539, 540, 66 N. W. 541 (1896) (per Post, C.J.).

Our overruling opinion being prospective, effective March 1, 1973, the judgments of contempt were erroneous. They are reversed and the causes remanded with directions to dismiss the proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, C. J., participating on briefs.

NEWTON J., dissenting..

I respectfully dissent from the majority opinion. We are here dealing with the identical statutes considered and construed in Mecke v. Bahr, 177 Neb. 584, 129 N. W. 2d 573. Since the decision was made in that case in 1964 the Legislature has not seen fit to amend these statutes. It must therefore be recognized that the Mecke v. Bahr, *supra,* construction of the statutes met ·with the approval, and complied with the intent, of the Legislature.

For this court to now completely reverse, under identical circumstances, a rule of construction which appears to have met with legislative approval over a span of 8 to 9 years is an obvious invasion of the legislative function. Any change should be brought about by legislative act.