Joe Melvin HALL, Petitioner,

v.

The Honorable Haskell PAUL, Judge of the District Court of Garvin County, State of Oklahoma, Respondent.

No. 49089.

Supreme Court of Oklahoma.

, April 27, 1976.

Manners, Grennan & Cathcart by W. R. Cathcart, Oklahoma City, for petitioner.

Charles B. Grethen, Purcell, for respondent.

Oklahoma Trial Lawyers Ass'n, Inc. by Robert L. Sheperd, Tulsa, amicus curiae.

IRWIN, Justice.

Petitioner, Joe Melvin Hall, requests this Court to Assume Original Jurisdiction and Issue a Writ of Prohibition restraining respondent, the Honorable Haskel Paul, Judge of the District Court, Garvin County, from attempting to compel petitioner to answer interrogatories relating to petitioner's liability insurance. The facts are not in dispute. Claude DeLozier, Sr., (plaintiff) filed suit alleging personal injuries resulting from the allegedly negligent conduct of the petitioner. In due course, plaintiff served on petitioner rather extensive interrogatories. At issue are two interrogatories which seek to discover the

existence of liability insurance coverage and the limits of such coverage, if any. Petitioner filed timely objections to the interrogatories, which objections were overruled, thus precipitating this original proceeding by petitioner.

In *Carman v. Fishel,* Okl., 418 P.2d 963 (1966), this Court held, inter alia, that:

"Scope of permissible inquiry by interrogatories does not include inquiry concerning whether the defendant had a policy of liability insurance covering the operation of her automobile at the time of the accident giving rise to the action; nor require a disclosure of the limits of said policy or any other terms thereof, such matters not being within the issues of the controversy, not constituting admissible evidence nor furnishing leads to the disclosure of admissible evidence within the limitations of discovery procedure."

Both the majority and dissenting opinions in *Carman* discussed the question of the discoverability of liability insurance coverage. We see no reason to depart from our ruling in *Carman* unless our ruling has been modified by legislative enactment or court rule.

Query: Has the Legislature by amendment of 12 O.S.1971, §§ 548 and 549 or this Court by adoption of the present Rule 14 of the Rules of the District Courts of Oklahoma, 12 O.S.Supp.1975, C.2 Appendix, effectively modified the prohibition against the discovery of liability insurance?

■ The present §§ 548 and 549, the former concerning the discovery and production of documents and the latter concerning interrogatories, allow a litigant to discover any information within the scope of discovery permissible at the taking of a deposition. Although *Carman* addressed the issue of the scope of discovery by interrogatories, it was established therein that the discoverability of any matter was subject to objection on grounds of relevance. The matter sought must be admissible as evidence at trial or reasonably calculated to lead to the discovery of admissible evidence before it may be discovered whether by deposition, interrogatories, or otherwise. Neither § 548 nor § 549 modify the *Carman* rule.

Respondent argues that the wording of Rule 14 of the Rules of the District Courts, 12 O.S.Supp.1975, C.2 Appendix, which expresses the policy that "discovery rules and statutes shall be liberally construed, . . ." requires that we deem a liability insurance policy relevant for purposes of discovery.

The principle of liberal construction does not mean there are no limits on what is discoverable. This Court has not extended its rules to include the discoverability of insurance policies under the circumstances presented—and the Legislature, in the ten years since *Carman* was promulgated, has not seen fit to change or modify the *Carman* rule, expressly or by implication.

Respondent contends that since the allegations are sufficient to sustain exemplary damages as an element of recovery, the terms of the insurance policies are discoverable. Respondent argues that in order for the jury to be able to fix damages reasonably calculated to advance the policy goal of deterring similar conduct and yet to avoid unjust oppression of the petitioner-defendant, it is essential the jury know the extent of petitioner-defendant's financial worth.

■ We find it unnecessary to consider whether a liability insurance policy constitutes assets of an insured because liability insurance coverage bears no rational relation to the purpose for which the law allows recovery for exemplary damages. Exemplary damages are assessed for the benefit of society so that antisocial conduct of a similar nature will be deterred. Liability insurance, whether or not available for application to a judgment for exemplary damages, in no way advances that social goal.

The trial court's order directing petitioner to answer the subject interrogatories relating to the existence of liability insurance and the policy limits was error.

Original Jurisdiction assumed; Writ of Prohibition issued.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., dissent.