Larry Allen TULLER, Petitioner,

v.

The Honorable Deborah C. SHALL-CROSS, District Judge for the 14th Judicial District Tulsa County, Oklahoma, Respondent.

No. 83297.

Supreme Court of Oklahoma.

Dec. 6, 1994.

**482**

C. Rabon Martin, Todd G. Tucker, Tulsa, for petitioner.

Brad Smith and Jeffrey L. Wilson Knowles, King & Smith, Tulsa, for respondent.

Harry Parrish, Tulsa, for intervenor.

WATT, Justice.

Petitioner, Larry Allen Tuller, seeks a writ of mandamus against Respondent, Judge Deborah Shallcross, sitting as the trial court, in this original action. Petitioner asks that we direct the trial court to allow Tuller to discover the limits of liability insurance coverage of the defendant, David Ray Jehlicka, in Tuller's damage suit against Jehlicka. The trial court had refused to do so. Tuller's uninsured motorist carrier, Tri–State Insurance Company, has intervened in the action on the ground that it "may be liable for the amount of any verdict awarded the plaintiff *which exceeds the limits of Defendant's liability insurance ...*" [Emphasis added.] In this case of first impression we will reexamine *Carman v. Fishel,* 418 P.2d 963 (Okla. 1966) and *Hall v. Paul,* 549 P.2d 343 (Okla. 1976), and decide whether automobile liability insurance policy information is discoverable under the Oklahoma Discovery Code, 12 O.S.1991 §§ 3224, et seq.

## HISTORICAL BACKGROUND

In *Carman v. Fishel,* 418 P.2d 963 (Okla. 1966) and *Hall v. Paul,* 549 P.2d 343 (Okla. 1976) we held that information concerning automobile liability insurance policies is not discoverable. Since *Carman* and *Hall,* however, significant changes have taken place in the Oklahoma law. The Oklahoma Discovery Code, the current version of which is 12 O.S.1991 §§ 3224, was enacted in 1982, six years after *Hall.* The Oklahoma uninsured, underinsured, motorist coverage statute, 36 O.S.1991 § 3636, was passed in 1968, two years after *Carman* was decided.[1] The Compulsory Liability Insurance Law, 47 O.S. 1991 §§ 7–600, et seq., became law in 1983, seven years after *Hall.*

In 1982, the legislature enacted the Oklahoma Discovery Code, the current version of which is 12 O.S.1991 §§ 3224, et seq. It provides: "The Discovery Code shall be liberally constructed to provide the just, speedy and inexpensive determination of every action." Id., § 3225. Section 3226.B.1 of the Code makes discoverable, information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... It is not a ground for objection that the information sought will be inadmissible at the trial if the information appears reasonably calculated to lead to the discovery of admissible evidence."

---

1. Section 3636 was not an issue in *Hall.*

■ Since January 1, 1983, the Oklahoma Compulsory Liability Insurance Law has *required* that owners of motor vehicles registered in this state prove that they have liability insurance as a precondition to registering their vehicles. Prior to the amendment of the Act owners were required only to represent that they had insurance to register their automobiles. Owners had to *prove* financial responsibility only after they were involved in an accident, 47 O.S.1991 §§ 7–201–7–202, 7–602.A. Owners must now carry in their vehicles forms verifying the existence of liability insurance in accordance with the Act, § 7–602.B.1. In addition, the Act requires owners to furnish forms proving insurance coverage as a precondition to registering or renewing the registrations of their vehicles, § 7–602.B.2.

As noted, when we decided *Carman* and *Hall* neither the Compulsory Liability Insurance Law, nor the Discovery Code, had been passed. These developments in the law require us to reexamine *Carman* and *Hall,* and to hold that automobile liability insurance information is discoverable.

## AUTOMOBILE LIABILITY INSURANCE POLICIES ARE DISCOVERABLE

The disagreement over whether liability insurance is discoverable has been a subject of division among both courts and commentators.[2] In 1970, the issue was settled in the federal courts with an amendment to the Federal Rules of Civil Procedure, Rule 26(b)(2).[3] This amendment expressly made all liability insurance policies discoverable in federal courts, not just automobile policies.[4]

The courts that allowed discovery reasoned that information "reasonably calculated to lead to the discovery of admissible evidence," Rule 26, FRCP, and § 3225, Oklahoma Discovery Code, should be liberally construed to include liability policies. See the discussion of this point of view in 2A Barron and Holtzoff, *Federal Practice and Procedure,* § 647.1, pp. 80–82.

■ Those courts holding that insurance information was not discoverable often have done so on the ground that requiring the defendant to disclose his insurance coverage was tantamount to compelling him to furnish the plaintiff with "full information as to his financial resources." *McClure v. Boeger,* 105 F.Supp. 612, 613 (E.D.Pa., 1952). This is clearly not the case with respect to Oklahoma automobile liability insurance policies. The relationship between an automobile liability insurer and its insured, is created by the policy of liability insurance. Oklahoma's public policy permeates that relationship. Automobile liability insurance *is mandated* by the Oklahoma Compulsory Liability Insurance Law, 47 O.S.1991 § 7–600. UM coverage is statutorily required by 36 O.S.1991

2. The commentators' writings reflect this division: See, 4 Moore's *Federal Practice,* ¶ 26.62, p. 26—335 (2d Ed., 1972); 8 Wright, Miller and Marcus, *Federal Practice and Procedure: Civil* § 2010, p. 85 (1970); 2A Barron and Holtzoff, *Federal Practice and Procedure,* § 647.1, p. 78 (Wright, Rev.Ed., 1961); Davis, *Pretrial Discovery of Insurance Coverage,* 16 Wayne L.Rev. 1047 (1970); 2 Long, *The Law of Liability Insurance,* §§ 25.02 to 25.04, p. 25—3 to 25—16 (1972); Wilkerson, *Rule 26—The Procrustean Bed,* 5 Land and Water L.Rev. 153 (1970). See also *Pretrial Examination or Discovery to Ascertain from Defendant in Action for Injury, Death, or Damages, Existence and Amount of Liability Insurance and Insurer's Indemnity,* 13 ALR2d 822.

3. Rule 26(b)(2), FRCP, became effective on July 1, 1970, and provided:

A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.

The Oklahoma version or Rule 26, § 3226, passed in 1982, is the pre 1970 version of the Federal Rules and is silent as to whether liability insurance information is discoverable.

4. In a recent amendment, effective December 1, 1993, Rule 26 was changed to require copies of liability insurance policies to be turned over *without awaiting a formal request:* "Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without awaiting a discovery request, provide to other parties: ... for inspection and copying as under Rule 34 [insurance agreements]." Rule 26(a)(1)(D), FRCP.

§ 3636.A.[5] Thus, requiring discovery of the underlying liability insurance policy does not violate the insured's right of privacy.

■ A liability insurance policy is unlike an insured's other assets. The policy serves only to protect the insured's other assets from the claims of those whom the insured might injure. The worth of the coverage is limited by the plaintiff's recovery. Thus, requiring disclosure of liability insurance policies does not disclose the private financial status of the insured, but merely reveals the extent of the insured's protection, in the very suit in which discovery is sought. See *Szarmack v. Welch,* 456 Pa. 293, 298, 318 A.2d 707, 710–11 (1974); *People ex rel. Terry v. Fisher,* 12 Ill.2d 231, 238, 145 N.E.2d 588, 593 (1957); *Ellis v. Gilbert,* 19 Utah 2d 189, 191, 429 P.2d 39, 41 (1967). We note further that the American Bar Association favors pretrial discovery of insurance limits. *Report of the A.B.A. Special Committee on Automobile Accident Reparations* 51 (1971).

In virtually every automobile accident case, the insurer, not the named defendant controls the litigation. The insurance company is the real party in interest to the suit to the extent of its policy limits. Thus, objections to the discoverability of the policy, and its limits, come from the insurance company, not from the defendant. Allowing discovery in such circumstances apprises the parties of information necessary to produce results fair both to sides. Denying discovery introduces an undesirable element of hide and seek into the process. Unfortunately, "the strongest argument against discovery is more one of tactics, than of actual prejudice." *Slomberg v. Pennabaker,* 42 F.R.D. 8, 12 (M.D.Pa.1967).

Allowing discovery will also minimize the possibility of bad faith litigation against UM carriers of the sort we dealt with in *Buzzard v. Farmers Insurance Co., Inc.,* 824 P.2d 1105 (Okla.1991). If Tuller has UM coverage, he may look to his UM carrier for recovery beyond Jehlicka's policy limits. Thus, common sense dictates that Tuller should be allowed to discover Jehlicka's automobile liability policy. Oklahoma law re-

quires UM coverage except under limited circumstances. This issue, therefore, is bound to arise in virtually every personal injury action arising from an automobile accident where the plaintiff's injuries are substantial.

We find no indication of opposition to today's holding in any legislative enactment. In fact, we note that in its 1994 session the legislature passed an act making liability insurance information discoverable, but the Governor vetoed the legislation. This is our first opportunity to construe the Oklahoma version of the Discovery Code, 12 O.S.1991 §§ 3224, et seq., as it relates to this issue.

Other courts have held that insurance policy information is discoverable despite the absence of a statutory mandate. See *Szarmack v. Welch,* 456 Pa. 293 318 A.2d 707 (1974), *People ex rel. Terry v. Fisher,* 12 Ill.2d 231, 145 N.E.2d 588 (1957); *Walls v. Horbach,* 189 Neb. 479, 203 N.W.2d 490 (1973). In *Walls,* the Nebraska Supreme Court, in an earlier opinion, had interpreted the statute as not allowing discovery. In overruling its earlier opinion the *Walls* court said that "stare decisis is a principle of policy and not a mechanical formula.... It is at best treacherous to find in legislative silence alone the adoption of a controlling rule of law." *Id.* 203 N.W.2d at 492.

■ Our task is not as difficult as was the Nebraska Supreme Court's in *Walls* because we interpret our Discovery Code, and assess the impact upon it of the Compulsory Liability Insurance Law and the uninsured, underinsured, motorist act for the first time. We hold that the Oklahoma Discovery Code allows discovery of information concerning automobile liability insurance policies. Our holding today applies to the discovery of liability policies required to be issued under the Compulsory Liability Insurance Law, 47 O.S.1991 §§ 7–600 et seq., including those policies having limits of liability in excess of those required by 47 O.S.1991 §§ 7–600 et seq. We defer to another day any decision as to the discoverability of other liability policies.

5. The insured may reject the UM coverage, but    only if he does so in writing. § 3636.F.

We overrule earlier pronouncements with great reluctance. Nevertheless, as noted, much has changed in Oklahoma law since we decided *Carman* and *Hall,* and our jurisprudence must meet those changes. We therefore overrule *Carman* and *Hall* to the extent that they may be construed to hold that automobile liability insurance information is not discoverable.

## CONCLUSION

We hold that a party may obtain discovery of the existence and contents of any liability insurance agreement issued in accordance with the Compulsory Liability Insurance Law, 47 O.S.1991 §§ 7–600 et seq., regardless of policy limits, in any action against an insured under such a policy in which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement, however, shall not by reason of disclosure be admissible in evidence at trial. We direct the trial court to allow discovery of Jehlicka's automobile liability insurance agreement in accordance with this opinion.

APPLICATION GRANTED, WRIT GRANTED.

HODGES, C.J., and OPALA, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs in result.

LAVENDER, V.C.J. and SIMMS and HARGRAVE, JJ., dissent.