# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 2, 2008 Session Heard at Nashville[1]

## JAMES G. THOMAS, JR., Brother and Next of Kin of Karen G. Thomas, Deceased v. ELIZABETH OLDFIELD, M.D. ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 05C-3207     Walter C. Kurtz, Judge**

---

**No. M2006-02767-SC-R11-CF - Filed February 2, 2009**

---

The plaintiff filed interrogatories and requests for production seeking information concerning the defendants' liability insurance coverage. When the defendants objected to providing this information, the plaintiff filed a motion to compel discovery pursuant to Tennessee Rule of Civil Procedure 37.01. The trial court ruled that the information was subject to discovery pursuant to Tennessee Rule of Civil Procedure 26.02 and granted the plaintiff's motion to compel and the defendants' request for an interlocutory appeal. The Court of Appeals reversed the trial court's order, holding that information concerning the defendants' liability insurance coverage was not discoverable under Rule 26.02. We affirm the judgment of the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed**

JANICE M. HOLDER, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., and E. RILEY ANDERSON, SP. J., joined.

William D. Leader, Jr., and Erin P. McDaniel, Nashville, Tennessee, for the appellant, James G. Thomas, Jr.

Darrell G. Townsend, Nashville, Tennessee, for the appellees, Charles V. Love, M.D., and Emergency Coverage Corporation.

Bradford D. Box and Spencer R. Barnes, Jackson, Tennessee, for the amicus curiae, Tennessee Defense Lawyers Association.

H. Anthony Duncan, Nashville, Tennessee, for the amicus curiae, Tennessee Association for Justice.

---

[1] Oral argument was heard October 2, 2008, in Nashville, Davidson County, Tennessee, as a part of the **S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents (S.C.A.L.E.S.) project.

**OPINION**

Facts and Procedural History

On December 8, 2004, Karen Thomas underwent abdominal surgery at Centennial Medical Center in Nashville, Tennessee. She was discharged on December 11, 2004, and went to her father's home in Lawrenceburg, Tennessee, to recover from her surgery. On December 13, 2004, Ms. Thomas was admitted to the emergency department of Crockett Hospital in Lawrenceburg complaining of abdominal pain. Dr. Charles Love and Dr. June McMillin diagnosed Ms. Thomas with a urinary tract infection and sent her home. The following day, Ms. Thomas returned to the Crockett Hospital emergency department complaining of increased abdominal pain, slurred speech, and shortness of breath. Dr. McMillin made a preliminary diagnosis of sepsis. Ms. Thomas was transferred by helicopter to Baptist Hospital in Nashville, where she later died of sepsis.

On October 18, 2005, James Thomas, Ms. Thomas' brother, filed a complaint for the wrongful death of Ms. Thomas against several doctors and hospitals, including Dr. Love and Emergency Coverage Corporation ("ECC"), which provides the emergency department physicians to Crockett Hospital. Mr. Thomas thereafter propounded interrogatories to and requests for production from both Dr. Love and ECC seeking "information concerning the extent and amount of liability insurance coverage for the claims forming the basis of this lawsuit." When the defendants objected to providing the requested information, Mr. Thomas filed a motion to compel discovery. Dr. Love and ECC argued that the information was not subject to discovery under Rule 26.02 because the extent and amount of liability insurance coverage is not relevant to the subject matter of the lawsuit.

On November 29, 2006, the trial court entered an order compelling Dr. Love and ECC to respond to the plaintiff's interrogatories and requests for production regarding their liability insurance coverage. On December 18, 2006, the trial court granted Dr. Love and ECC permission to seek an interlocutory appeal of the court's ruling on Mr. Thomas' motion to compel.[2]

The Court of Appeals granted the defendants' application for an interlocutory appeal and reversed the trial court, holding that information concerning the defendants' liability insurance coverage is not relevant to the merits of the suit and is not reasonably calculated to lead to the discovery of admissible evidence. We granted the defendants' application for permission to appeal.

Analysis

This case presents an issue of first impression for this Court: whether information concerning a defendant's liability insurance coverage is discoverable under Tennessee Rule of Civil Procedure 26.02(1).

---

[2] Dr. Love and ECC are the only defendants who filed an interlocutory appeal. For purposes of this opinion, we refer to Dr. Love and ECC as "the defendants."

Tennessee Rule of Civil Procedure 26.02(1) states, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Tenn. R. Civ. P. § 26.02(1) (2008). Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. Lacy v. Cox, 152 S.W.3d 480, 483 (Tenn. 2004). Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules. See Crosslin v. Alsup, 594 S.W.2d 379, 380 (Tenn. 1980); see also 1 Tenn. Juris., Rules of Court § 2 (2004). Our goal "'is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" Overstreet v. TRW Commercial Steering Div., 256 S.W.3d 626, 630 (Tenn. 2008) (quoting Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002)). We determine legislative intent by giving words their natural and ordinary meaning. Green v. Johnson, 249 S.W.3d 313, 319 (Tenn. 2008). In construing the rules of this Court, however, our goal is to ascertain and give effect to this Court's intent in adopting its rules. See State v. Mallard, 40 S.W.3d 473, 480-81 (Tenn. 2001) ("[T]he [Tennessee] Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state."); see also Tenn. Code Ann. § 16-3-401 & 402 (1994).

In construing the meaning of Tennessee Rule of Civil Procedure 26.02(1), we must determine whether information concerning the defendants' liability insurance coverage is "relevant to the subject matter involved in the pending action." The United States Supreme Court has interpreted the identical phrase in Federal Rule of Civil Procedure 26(b) to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).[3] Thus, the subject matter of a case is not limited to the merits of the case because "a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. Under this broad interpretation, information concerning the existence and extent of liability insurance coverage may be relevant to settlement negotiations or trial preparation. See Johanek v. Aberle, 27 F.R.D. 272, 278 (D. Mont. 1961); Hill v. Greer, 30 F.R.D. 64, 66 (D.N.J. 1961); Terry v. Fisher, 145 N.E.2d 588, 593 (Ill. 1957).

---

[3] We may look to the interpretation of comparable federal rules for guidance. Williamson County v. Twin Lawn Dev. Co., 498 S.W.2d 317, 320 (Tenn. 1973) ("[O]ur Rules having been taken from the Federal Rules of Civil Procedure, and the object of our virtual adoption of the federal rules being to have similar rules of procedure in state trial courts and federal district courts, it is proper that we look to the interpretation of the comparable Federal Rule . . . ."); see also 1 Tenn. Juris., Rules of Court § 2.

We construe Tennessee Rule of Civil Procedure 26.02(1) consistently with its federal counterpart and conclude that information concerning liability insurance coverage is "relevant to the subject matter" involved in the pending lawsuit. That conclusion, however, does not end our inquiry. Rule 26.02(1) further provides that an "objection that the information sought will be inadmissible at the trial" is not sufficient to defeat a discovery request if the "information sought appears reasonably calculated to lead to the discovery of admissible evidence." In other words, inadmissibility under other rules of relevancy, such as Tennessee Rule of Evidence 401,[4] will not necessarily bar the production of this information if the rule of relevancy contained in the second part of Rule 26.02(1) is met.

In this case, the parties concede that information concerning the defendants' liability insurance coverage would be inadmissible at trial pursuant to Tennessee Rule of Evidence 411.[5] However, the plaintiff does not argue that discovery of this inadmissible evidence "appears reasonably calculated to lead to the discovery of admissible evidence." After a considered review, we are unable to conclude that discovery of this information appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, the existence and extent of the defendants' liability insurance is not subject to discovery in this case.

The history of Rule 26.02 supports our conclusion. The Tennessee Rules of Civil Procedure were adopted in 1970 and were modeled on the Federal Rules of Civil Procedure prior to their 1970 amendments. Federal courts construing the pre-1970 version of the federal rules were divided on the question of whether information concerning insurance coverage was subject to discovery under Federal Rule 26(b). Johanek, 27 F.R.D. at 274 & n.2. Several decisions reasoned that the language in Rule 26(b) permitted discovery only of matters admissible at trial or reasonably calculated to lead to admissible evidence. See, e.g., Beal v. Zambelli Fireworks Mfg. Co., 46 F.R.D. 449, 450 (W.D. Pa. 1969); Clauss v. Danker, 264 F. Supp. 246, 249 (S.D.N.Y. 1967); Bisserier v. Manning, 207 F. Supp. 476, 479 (D.N.J. 1962). Other courts concluded that a defendant's financial information was beyond the scope of Rule 26(b). See, e.g., Langlois v. Allen, 30 F.R.D. 67, 68-69 (D. Conn. 1962); McClure v. Boeger, 105 F. Supp. 612, 613 (E.D. Pa. 1952). Still other courts found that information concerning liability insurance coverage was discoverable because it was relevant to settlement or trial preparation. See, e.g., Johanek, 27 F.R.D. at 280; Hill, 30 F.R.D. at 65-66; Brackett v. Woodall Food Prod., Inc., 12 F.R.D. 4, 5-6 (E.D. Tenn. 1951).

---

[4] Tennessee Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[5] Tennessee Rule of Evidence 411 states:

Evidence that a person was or was not insured against liability is not admissible upon issues of negligence or other wrongful conduct. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

State courts were likewise divided. Several states permitted discovery of information concerning liability insurance coverage because it facilitated settlement or apprised the parties of the insurance company's role in the action. See Superior Ins. Co. v. Superior Court, 235 P.2d 833, 835-36 (Cal. 1951); Lucas v. District Court of County of Pueblo, 345 P.2d 1064, 1068 (Colo. 1959); Terry, 145 N.E.2d at 593; Maddox v. Grauman, 265 S.W.2d 939, 942 (Ky. Ct. App. 1954). Other states held that this information was not subject to discovery because it was not relevant to the merits of the case or infringed on the defendant's privacy. See Di Pietruntonio v. Superior Court, 327 P.2d 746, 750-51 (Ariz. 1958); Ruark v. Smith, 147 A.2d 514, 515 (Del. Super. Ct. 1959); Brooks v. Owens, 97 So.2d 693, 699 (Fla. 1957); Sanders v. Ayrhart, 404 P.2d 589, 592 (Idaho 1965); Jeppesen v. Swanson, 68 N.W.2d 649, 658 (Minn. 1955); Bush v. Elliot, 363 S.W.2d 631, 636-37 (Mo. 1963); Carman v. Fishel, 418 P.2d 963, 975 (Okla. 1966), overruled by Tuller v. Shallcross, 886 P.2d 481 (Okla. 1994); Great Am. Ins. Co. v. Murray, 437 S.W.2d 264, 267-68 (Tex. 1969).

In 1970, Federal Rule 26(b) was amended expressly to allow for the discovery of information regarding insurance coverage. Fed. R. Civ. P. 26(b), 1970 Amendment Note to Subdivision (b)(2). The United States Supreme Court observed that "an amendment to Rule 26(b) was required to bring within the scope of discovery the existence and contents of insurance agreements . . . for that information ordinarily cannot be considered, and would not lead to information that could be considered, by a court or jury in deciding any issues." Oppenheimer, 437 U.S. at 352.

Following the 1970 amendment to Federal Rule 26(b), a majority of states amended their rules to allow discovery of information concerning liability insurance coverage. Currently, forty-five states allow discovery of such information by rule or statute.[6] Courts in three other states have construed their rules to allow discovery of information concerning liability insurance coverage,[7] and New Hampshire permits discovery of this information for settlement purposes in cases in which the insurer is joined as a party.[8] Moreover, in 1993, the Federal Rules of Civil Procedure were further amended to make insurance agreements subject to mandatory initial disclosure. Fed. R. Civ. P. 26 (a)(1)(A)(iv) (2008).

---

[6] Ala. R. Civ. P. 26(b)(2); Alaska R. Civ. P. 216(a)(1)(F); Ariz. R. Civ. P. 26(b)(2); Ark. R. Civ. P. 26(b)(2); Cal. Code Civ. P. § 2017.210 (2008); C.R.C.P. 26(a)(1)(D) (Colorado); Conn. Gen. Stat. § 52-200a (2008); Del. Super. Ct. R. 26(b)(2); Ga. Code Ann. § 9-11-26(b)(2); Haw. R. Civ. P. 26(b)(2); Idaho R. Civ. P. 26(b)(2); Ind. R. Trial P. 26(B)(2); Iowa R. Civ. P. 26(b)(2); Kan. R. Civ. P. 60-226(b)(3); Ky. R. Civ. P. 26.02(2); L.S.A.-C.C.P. Art. 1423 (Louisiana); Me. R. Civ. P. 26 (b)(2); Md. R.C.P. Cir. Ct. R. 2-402(b); Mass. R. Civ. P. 26(b)(2); Mich. R. Civ. P. 2.302(b)(2); Minn. R. Civ. P. 26.02(b); Miss. R. Civ. P. 26(b)(2); Mo. Sup. Ct. R. 56.01(b)(2); Mont. R. Civ. P. 26(b)(2); Neb. R. Discovery 26(b)(2); Nev. R. Civ. P. 16.1(a)(1)(D); N.J. C.R. 4:10-2(b); N.M. R. Civ. P. 1-026(B)(3); N.Y.C.P.L.R. § 3101(f); N.C. R. Civ. P., G.S. § 1A-1, Rule 26(b)(2); N.D. R. Civ. P. 26(b)(3); Ohio R. Civ. P. 26(b)(2); Ore. R. Civ. P. 36B(2); Pa. R. Civ. P. No. 4003.2; R.I. Super. R. Civ. P. 26(b)(2); S.C. R. Civ. P. 26(b)(2); S.D. Codified Laws § 15-6-26(b)(2); Tex. R. Civ. P. 192(f); Vt. R. Civ. P. 26(b)(2); Va. S. Ct. R. 4:1(b)(2); Wash. R. Super. Ct. Civ. C.R. 26(b)(2); W. Va. R. Civ. P. 26(b)(2); Wisc. Stat. Ann. 5804.01(2)(b); Wyo. R. Civ. P. 26(a)(1)(D).

[7] See Vilord v. Jenkins, 240 So.2d 68, 68 (Fla. Dist. Ct. App. 1970); Terry, 145 N.E.2d at 593; Tuller, 886 P.2d at 484.

[8] N.H. Rev. Stat. Ann. § 498:2-a (2008).

In 1979, the Tennessee Rules of Civil Procedure were amended, and Rule 26.02 was revised to conform substantially to the amended Federal Rule 26(b).[9] Vythoulkas v. Vanderbilt Univ. Hosp., 693 S.W.2d 350, 355 (Tenn. Ct. App. 1985), superseded by Tenn. R. Civ. P. 26.02(4)(B); see Advisory Commission cmt. to 1987 amend. The 1979 revisions to Tennessee Rule 26.02 differed from the 1970 version of Federal Rule 26(b) in one important respect: Rule 26.02 did not include the provision expressly allowing discovery of information regarding insurance coverage. The absence of this language from the 1979 revisions is conspicuous.

While we are constrained by both the language and the history of current Rule 26.02 from holding that information concerning the defendants' liability insurance coverage is subject to discovery, we are convinced that the time has come to align Tennessee with the rules in forty-eight states and the federal rule in allowing discovery of this information.

Our decision today leaves Tennessee in the extreme minority of jurisdictions that have not amended or construed their rules to expressly provide for the discovery of a defendant's liability insurance coverage.[10] We are persuaded that allowing discovery of such information reflects the current realities of litigation and settlement of cases in Tennessee. First, discovery of insurance coverage will encourage mediation and settlement of cases by "enabl[ing] counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26(b), 1970 Amendment Note to Subdivision (b)(2); see also Hill, 30 F.R.D. at 66 ("The plaintiff's knowledge of defendant's insurance permits a more realistic appraisal of a case and undoubtedly leads to settlement of cases which otherwise would go to trial."). The majority rule is therefore in accord with the policy of the Tennessee Rules of Civil Procedure, "to provide for the just, speedy, and inexpensive determination of every action," Tenn. R. Civ. P. 1 (2008), and with this Court's commitment to make the process of dispute resolution in Tennessee "more efficient, more economical, and equally fair." See Order Establishing Tenn. Sup. Ct. R. 31 Regarding Alternative Dispute Resolution pmbl. (Dec. 18, 1995).

Finally, the insurance company is often the "real party in interest to the suit to the extent of its policy limits." Tuller, 886 P.2d at 484. Thus, knowledge of the insurance agreement is helpful to the plaintiff's attorney "to prepare for the case he has to meet and be apprised of his real adversary." Johanek, 27 F.R.D. at 278. In these cases, it is the insurance company, rather than the defendant, that objects to the disclosure of the policy and its limits. Tuller, 886 P.2d at 484. When it is in the defendant's interest to settle the case within the policy limits, the insurance company may

---

[9] The official Committee Comment to the 1979 amendments provides, in part: "Rules 26 through 37, inclusive, relating to depositions and discovery, have been amended to conform substantially but not identically to Rules 26 through 37, inclusive, of the Federal Rules of Civil Procedure." Vythoulkas, 693 S.W.2d at 355 n.7. The amendments included new subsections (3) and (4) concerning discovery of work product and expert testimony. Id.

[10] Clearly there will be situations where information concerning a defendant's insurance coverage is discoverable. Rule 411 of the Tennessee Rules of Evidence allows such information to be admissible to show "proof of agency, ownership, or control, or bias or prejudice of a witness." In addition, even when the information sought will be inadmissible at trial, it is discoverable when it is reasonably calculated to lead to the discovery of admissible evidence.

prefer to gamble on a jury verdict of non-liability "where the only one who stands to lose from that gamble is the policyholder." <u>Szarmack v. Welch</u>, 318 A.2d 707, 710 (Pa. 1974). Thus, it is beneficial to both the plaintiff and the defendant to engage in "purposeful discussions of settlement," <u>Johanek</u>, 27 F.R.D. at 278, and "[a]llowing discovery in such circumstances apprises the parties of information necessary to produce results fair to both sides," <u>Tuller</u>, 886 P.2d at 484.

Conclusion

We hold that information concerning the defendants' liability insurance coverage is not subject to discovery under Tennessee Rule of Civil Procedure 26.02 because it is neither admissible nor does it appear to be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, we affirm the judgment of the Court of Appeals and remand for further proceedings. Costs of this appeal are taxed to the appellant, James G. Thomas, and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, CHIEF JUSTICE