IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 8, 2012

**ANN C. KING (WALDEN) v. DAVID M. KING**

**Appeal from the Chancery Court for Anderson County**
**No. 95CH3588      William E. Lantrip, Chancellor**

**No. E2011-02456-COA-R3-CV-FILED-FEBRUARY 27, 2013**

Ann C. King ("Wife") filed a motion seeking to renew a 2001 judgment against David M. King ("Husband"). After a hearing, the Chancery Court for Anderson County ("Anderson Chancery Court") entered an order renewing the judgment. Husband appeals to this Court raising issues regarding whether the Anderson Chancery Court lacked jurisdiction and whether the renewal of judgment complied with Tenn. R. Civ. P. 69.04. We hold that the Anderson Chancery Court had jurisdiction and did not err in renewing the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Steve Merritt, Maryville, Tennessee, for the appellant, David M. King.

Ann C. Walden, Lenoir City, Tennessee, Pro Se appellee.

**OPINION**

**Background**

Wife and Husband were divorced in 1996. In July of 2001, Wife obtained an order from the Anderson Chancery Court awarding Wife a judgment ("the Judgment") against Husband in the amount of $6,750.00 plus interest of 10% per annum after finding, *inter alia*, that Husband was in contempt of the parties' final divorce decree in failing to pay a marital debt as ordered.

In August of 2001, Husband filed a motion in the Anderson Chancery Court seeking permission to pay the Judgment in installments. In September of 2001, Wife sought to garnish Husband's wages to satisfy the Judgment. Husband filed another motion in the Anderson Chancery Court in October of 2001 seeking to stay the garnishment and pay the Judgment in installments. Neither of Husband's motions were pursued.

In 2007, Wife apparently filed a petition to "Register Foreign Order," and for contempt against Husband in the Circuit Court for Blount County ("Blount Circuit Court").[1] Wife then filed a motion to dismiss Husband's 2001 motions in Anderson Chancery Court in December of 2009 alleging, among other things, that neither party resided in Anderson County any longer, that at the time she filed in Blount Circuit Court she was unaware that the Anderson Chancery Court case still was open, and that Husband had refused to dismiss his motions in Anderson Chancery Court to allow the case to move forward in Blount Circuit Court.

The Anderson Chancery Court entered an Agreed Order on April 27, 2010 stating, in pertinent part:

> The parties having reached an agreement as to all outstanding issues in this cause, it is, therefore, ORDERED, ADJUDGED and DECREED that the Petitioner's Motion to Dismiss is well taken and shall be and is hereby granted. The Respondent's Motions filed on August 29, 2001 and October 3, 2001 are hereby dismissed without prejudice. The issue of Petitioner's request for attorney fees in the amount of Five Hundred and no/100 Dollars ($500.00) is hereby reserved for argument in the Circuit Court for Blount County in the matter of Petitioner's Petition to Register Foreign Order and for Contempt.

On July 22, 2011, Wife filed a motion in the Anderson Chancery Court seeking to renew the Judgment against Husband. After a hearing, the Anderson Chancery Court entered its order on November 15, 2011 renewing the Judgment for an additional ten years. Husband appeals to this Court.

## Discussion

Although not stated exactly as such, Husband raises two issues on appeal: 1) whether the Anderson Chancery Court lacked jurisdiction to renew the Judgment because the

---

[1]As best as we can tell from the record before us, Husband had moved from Anderson County to Blount County and resided in Blount County at the time Wife filed this petition.

case allegedly had been transferred to Blount Circuit Court; and, 2) whether the renewal of the Judgment complied with Tenn. R. Civ. P. 69.04.

We first address whether the Anderson Chancery Court lacked jurisdiction to renew the Judgment because the case allegedly had been transferred to Blount Circuit Court. "Whether a court has jurisdiction is a question of law over which our review is de novo with no presumption of the correctness of the ruling of the lower courts." *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006).

Husband does not argue that the Anderson Chancery Court lacked jurisdiction to enter the Judgment in 2001. Nor does Husband argue that the Anderson Chancery Court lacked jurisdiction to hear the motions filed by Husband in 2001. Instead, Husband argues that the Anderson Chancery Court lost jurisdiction because the case allegedly had been transferred to Blount Circuit Court. Husband asserts that the Anderson Chancery Court's Agreed Order entered on April 27, 2010 transferred the case to Blount Circuit Court, which deprived Anderson Chancery Court of jurisdiction to renew the Judgment. We disagree.

The April 27, 2010 Agreed Order simply states that the parties had reached an agreement, that Husband's motions were dismissed without prejudice, and that Wife was free to pursue the matter of attorney's fees in connection with her Petition to Register Foreign Order and for Contempt in Blount Circuit Court. The Agreed Order does not state that the case was being transferred from Anderson Chancery Court to Blount Circuit Court. We have nothing in the record before us showing what action, if any, the Blount Circuit Court took as to Wife's petition.

The record on appeal is devoid of any order showing that the case was transferred from Anderson Chancery Court to Blount Circuit Court. While the case perhaps could have been transferred, the record before us on appeal does not show any such transfer. As such, the Anderson Chancery Court retained jurisdiction to hear Wife's motion to renew the Judgment she had obtained from that court in 2001.

We next consider whether the renewal of the Judgment complied with Tenn. R. Civ. P. 69.04. "Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

Husband argues in his brief on appeal that Wife failed to comply with Tenn. R. Civ. P. 69.04 because she did not send notice of her motion for renewal to Husband, but instead sent it to Husband's attorney and, therefore, the renewal of the Judgment should be

set aside. In his brief on appeal Husband asserts that Tenn. R. Civ. P. 69.04 "requires that notice of the motion for renewal be sent to the debtor[.]" Husband is mistaken.

As pertinent to this appeal, Tenn. R. Civ. P. 69 provides:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

Tenn. R. Civ. P. 69.04. Pursuant to Tenn. R. Civ. P. 69.04, a copy of the *show cause* order shall be sent to the judgment debtor at his last known address, not the motion.

The record on appeal reveals that Wife filed a motion on July 22, 2011 "for an Order requiring the judgment debtor and Respondent herein, David M. King, to show cause why the judgment entered in this cause on July 30, 2001 should not be extended for an additional ten years." The record now before us on appeal does not contain a show cause order. Instead, the record contains the Anderson Chancery Court's order entered November 15, 2011 renewing the Judgment, which states, as pertinent to this issue, that the court held a hearing at which both parties and their counsel were present and rendered its decision upon "the pleadings, statements of the parties and statements of counsel ...." The record on appeal does contain the transcript of this hearing, which shows that Husband did not raise any issue about the fact that a *show cause order* never was entered and mailed to him at his last known address. Because Husband did not timely raise any issue with regard to the lack of a show cause order, Husband has waived the issue of the lack of a show cause order. *See Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) (stating "As a general matter, appellate courts will decline to consider issues raised for the first time on appeal that were not raised and considered in the trial court.").

Furthermore, as both Husband and his attorney appeared at the hearing on Wife's motion to renew the Judgment, Husband clearly received notice and an opportunity to be heard and was heard. As such, although the record contains no show cause order, Husband had the opportunity to show cause why the Judgment should not be renewed, and the Anderson Chancery Court found that Husband failed to show good cause. We find no

error in the Anderson Chancery Court's November 15, 2011 order renewing the Judgment.

### **Conclusion**

The judgment of the Anderson County Chancery Court is affirmed, and this cause is remanded to the Anderson County Chancery Court for collection of the costs below. The costs on appeal are assessed against the appellant, David M. King, and his surety.

_____
D. MICHAEL SWINEY, JUDGE