IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 5, 2013

## JONATHAN DUANE CHRISTY v. MITCHELL B. DUGAN, ADMINISTRATOR AD LITEM OF THE ESTATE OF LAURA ANTOINETTE LONG, DECEASED

Appeal from the Circuit Court for Dickson County
No.  22CC2011CV40     Robert E. Burch, Judge

No. M2011-02722-COA-R3-CV - Filed July 17, 2013

In this action for damages related to a motor vehicle collision, Plaintiff appeals the trial court's grant of summary judgment in favor of the Defendant.  Plaintiff contests Defendant's compliance with summary judgment requirements and the trial court's consideration of extraneous evidence in reaching its decision.  Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Anita Lynn Vinson Coffinberry, Erin, Tennessee, for the appellant, Jonathan Duane Christy.

Lynn Vo Lawyer, Nashville, Tennessee, for the appellee, Mitchell B. Dugan.

### MEMORANDUM OPINION[1]

Jonathan Duane Christy was involved in an automobile accident with Laura Antoinette Long in Dickson, Tennessee, on March 22, 2010; as a result of the accident, Ms. Long died and Mr. Christy suffered injuries to his chest, shoulder, abdomen, arm and hand.

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Christy filed suit against Ms. Long's estate in the Circuit Court for Dickson County to recover damages for the injuries he sustained in the accident. In due course, Mitchell B. Dugan, administrator of Ms. Long's estate, filed a document styled "Motion to Enforce Settlement and to Dismiss Plaintiff's Complaint for Failure to State a Claim." Attached to the motion was a form entitled "Agreement and Release" ("Agreement")[2]; the motion asserted Mr. Christy had signed the Agreement and, in so doing, released the estate from any and all claims relating to the collision in consideration of payments of medical expenses related to the collision and of $1,000 to Mr. Christy directly. A written response to the motion was duly filed.

A hearing on the Motion was held on October 19, 2011. In the course of the hearing, the court stated that, "the motion cites rule 12.02(6) but also cites in its body that there is extraneous evidence . . . that means that the motion will be determined under rule 56 as a motion for summary judgment." The trial court then orally granted summary judgment in favor of Mr. Dugan and dismissed the complaint; the order dismissing the case was entered on November 9.

Mr. Christy appeals, contending that Mr. Dugan did not comply with Tenn. R. Civ. P. 56.03, which prevented him from "adequately responding" to the motion for summary judgment, and that the court erred when it did not exclude the Agreement as unauthenticated hearsay.

## II. DISCUSSION

The interpretation of the Tennessee Rules of Civil Procedure and their application to the facts of a particular case is a question of law, which we review *de novo* with no presumption of correctness. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

The portion of Tenn. R. Civ. P. 12.02 pertinent to this appeal provides:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following [defense] may at the option of the pleader be made by motion in

---

[2] The Agreement and Release recited that Mr. Christy "release[d] and forever discharge[d] Barbara and John Long, Laura Long, the Insurance Company accepting this agreement . . . from any and all past, present or future actions, causes of actions, [or] claims . . . resulting from" the collision of March 22, 2010; it included a benefits schedule covering "all reasonable expenses for medical, dental, or surgical treatment, ambulance, hospital, professional nursing and prosthetic devices incurred within 30 [sic] following the accident and caused by it not to exceed in total for any one person $13,000. $0 for each day within 0 days after the accident, continuously and necessarily confined indoors due to injury, under the care of a licensed physician other than himself - payable monthly."

writing: . . . (6) failure to state a claim upon which relief can be granted. If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Mr. Dugan's motion stated that it was filed pursuant to Tenn. R. Civ. P. 12.02(1) and 12.02(6) and asserted that the complaint "should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted as Plaintiff has entered into a Release of All Claims against Defendant." Inasmuch as the Agreement was submitted in support of the motion and considered by the court in its ruling, the court properly treated the motion as one to be disposed of in accordance with Tenn. R. Civ. P. 56.

At the hearing, Mr. Dugan's counsel contended that the Agreement was signed by Mr. Christy and in so doing he released all claims arising from the collision; thus "the lawsuit doesn't exist." In response, Mr. Christy's lawyer acknowledged that, while a motion filed pursuant to Tenn. R. Civ. P. 12.02(6) could be treated as one for summary judgment and disposed of in accordance with Tenn. R. Civ. P. 56, Mr. Dugan had failed to submit a separate statement of material facts pursuant to Rule 56.03; counsel did not object to the motion being treated as one for summary judgment, raise any question as to the validity of the release, or otherwise ask for time to respond.[3] Following the argument of counsel, the court expressed that the Agreement "[stated Mr. Dugan's] side of the case," that the Agreement had "gone unrebutted," and, on that basis, determined that Mr. Dugan was entitled to summary judgment.[4]

Tenn. R. Civ. P. 56.03, states in pertinent part:

In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate

---

[3] Counsel's argument at trial was consistent with the argument set forth in the memorandum filed in response to the motion.

[4] The order dismissing the case recited in pertinent part:

Upon the Court's order the Motion was converted to a Rule 56 Motion for Summary Judgment and with no evidence presented by the Plaintiff to dispute the validity of the General Release, the Court found the settlement valid and granted summary judgment.

> concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

We do not construe the rule to require the filing of such a statement in all circumstances; the plain language is that a separate statement is required if the court needs assistance in ascertaining any material facts in dispute.

When the court determined in the course of the hearing that it was considering the Agreement, it was apparent that it did not believe there were materials facts in dispute and that a Rule 56.03 statement would be of no assistance to the court. No issue had been raised in Mr. Christy's written response or the argument of his counsel at the hearing regarding the propriety of the court's treatment of the motion as one for summary judgment or as to the release itself. Moreover, after the hearing, Mr. Christy did not file a motion seeking relief from the judgment of the trial court or to amend his complaint to assert any claim relative to the release. Under the record before us, Mr. Christy has failed to show that he was not given a reasonable opportunity to present all material pertinent to the motion, as allowed by Tenn. R. Civ. P. 12.02.

Mr. Christy next argues that the Agreement was unauthenticated hearsay and should not have been admitted at the hearing; this was not raised before the trial court in either the written response to the motion or at the hearing. Moreover, in none of Mr. Christy's pleadings has he denied execution of the release or challenged its validity.

> Tenn. R. Evid. 103(a) provides:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . in the case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context.

Tenn. R. App. P. 36(a) does not require this court to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent . . . error." As noted above, the record does not show that Mr. Christy disputed his execution of the release or the effect thereof, or otherwise sought relief from the order on the basis of any infirmity with the release.

## III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE