IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 5, 2021 Session

## CITY OF LAVERGNE v. ABASS I. GURE

**Appeal from the Circuit Court for Rutherford County**
**No. 76211     J. Mark Rogers, Judge**

_____

## No. M2020-00148-COA-R3-CV

_____

A circuit court found that a motorist violated the city's ordinance prohibiting speeding. On appeal, the motorist argues that the circuit court should have granted his motion to dismiss. He also argues that the court improperly excluded evidence from Google Maps showing his speed and that the evidence preponderates against the finding that he was speeding. Although the court erred in excluding the Google Maps evidence, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Abass I. Gure.

Phillip Dodd and E. Evan Cope, Murfreesboro, Tennessee, for the appellee, City of LaVergne, Tennessee.

## OPINION

## I.

Erich Wilson, a patrol officer for the LaVergne Police Department, was patrolling New Paul Road, a two-lane road with a 30-mile-per-hour speed limit. As Officer Wilson crested a hill, he saw a car approaching at a high rate of speed from the opposite direction. After checking his dash-mounted radar, Officer Wilson made a U-turn and stopped the car, which was driven by Abass Gure. Officer Wilson recorded the incident with a camera in his patrol vehicle.

Officer Wilson issued Mr. Gure a citation for speeding. According to the citation, Mr. Gure was going 57 miles per hour. The Municipal Court for the City of LaVergne found him in violation of the ordinance prohibiting speeding. Mr. Gure then appealed to circuit court.

In circuit court, the City of LaVergne filed an amended complaint. The City alleged that "Officer E. Wilson observed a vehicle driven by [Mr. Gure] travelling in a high rate of speed on New Paul Road in La Vergne, Tennessee." And Mr. Gure's actions "violated City of La Vergne Municipal Code 15-301," which prohibits speeding.[1] In a footnote, the amended complaint provided the text of the ordinance. The complaint also alleged that any violation of the ordinance was "a civil offense punishable by a civil penalty up to fifty dollars ($50.00)."

Mr. Gure moved to dismiss the amended complaint for failure to state a claim. *See* TENN. R. CIV. P. 12.02(6). Specifically, Mr. Gure argued that the amended complaint lacked sufficient factual allegations to support a claim that he violated the ordinance. The court denied the motion, reasoning that Mr. Gure had sufficient notice of the allegations. The complaint identified the code section that Mr. Gure allegedly violated. And it informed him of the penalty he was facing.

At trial, Officer Wilson testified for the City. He narrated his version of events while playing the video recording of the incident. Officer Wilson testified that, as he went over the hill, he "ha[d] a view" of Mr. Gure's oncoming vehicle "traveling at a high rate of speed." He checked his dashboard radar, which had a reading of 57 miles per hour. Officer Wilson was certified to use the radar. To receive his certification, he had to be able to estimate a vehicle's speed within five miles per hour of a radar's reading. So the radar served only "to confirm" his observation of speeding. Officer Wilson calibrated the radar the morning of the stop.

In his defense, Mr. Gure insisted that he was only going 27 miles per hour. He explained that he was trained as a commercial truck driver to always go 5 miles per hour under the speed limit. And there was a curve in the road that made it impossible for him to drive at the speed claimed by Officer Wilson.

Mr. Gure testified that his speedometer "was going up and coming down." It was "shaking." Although he did not believe the speedometer was "work[ing] right," Mr. Gure claimed that he relied on the speedometer to determine his speed. During his testimony, Mr. Gure sought to introduce evidence of his speed from Google Maps. But the trial court excluded the evidence based on the City's hearsay objection.

---

[1] The City also alleged a violation of Municipal Code 15-103, which prohibits careless driving. But, at trial, the City chose to only proceed with the speeding charge.

The trial court found that Mr. Gure violated the ordinance prohibiting speeding. Mr. Gure was "pretty positive" he was only going 27 miles per hour. Yet he based his testimony on the speedometer, which he testified was not working. Mr. Gure could "believe" and "state" that he was only going 27 miles per hour. But the evidence showed otherwise.

## II.

Municipal ordinance violations "are civil in nature, at least in terms of technical application of procedure and for pursuing avenues of appeal." *City of Chattanooga v. Davis*, 54 S.W.3d 248, 259 (Tenn. 2001). On appeal, Mr. Gure argues that the trial court should have granted his motion to dismiss. He also contends that the court erred in excluding evidence from Google Maps. And he claims that the facts did not support a finding that he violated the city ordinance by speeding.

### A.

A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). In ruling on a 12.02(6) motion, courts examine only the pleadings. *Id.* They "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007) (citation omitted). A 12.02(6) motion should be granted "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Lab'ys Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). A trial court's decision on a 12.02(6) motion presents a question of law, which we review de novo. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).

Mr. Gure argues that the City's amended complaint neither alleged "a precise speed" nor "a precise speed zone." But Tennessee "follows a liberal notice pleading standard." *Webb*, 346 S.W.3d at 426. The "essential purpose of a pleading is to give notice of the issues to be tried so that the opposing party will be able to prepare for trial." *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010).

The trial court properly denied Mr. Gure's motion to dismiss. The City's amended complaint alleged that Officer Wilson observed Mr. Gure "travelling in a high rate of speed on New Paul Road in La Vergne, Tennessee." It provided the text of the relevant municipal code section at issue, which states that it is "unlawful to . . . drive . . . in excess of thirty (30) miles per hour" or an otherwise-posted speed limit. And the amended complaint apprised Mr. Gure that he was facing a $50 fine. It was unnecessary to include allegations of New Paul Road's speed limit and Mr. Gure's exact speed. "Great specificity in the pleadings is ordinarily not required." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d

691, 696 (Tenn. 2002); *see Abshure*, 325 S.W.3d at 103 ("[A] complaint need not contain detailed allegations of all the facts giving rise to the claim."). Mr. Gure had notice of the City's claim of a particular instance of speeding. So he had sufficient information to prepare a defense. *See Abshure*, 325 S.W.3d at 103.

B.

We generally review a trial court's evidentiary decisions for an abuse of discretion. *State v. Davis*, 466 S.W.3d 49, 61 (Tenn. 2015). But whether a statement is hearsay is a question of law, which we review de novo. *Keisling v. Keisling*, 196 S.W.3d 703, 721 (Tenn. Ct. App. 2005); *see State v. Gilley*, 297 S.W.3d 739, 760 (Tenn. Crim. App. 2008). Whether the Google Maps evidence is hearsay requires looking to the definitions of "hearsay," "declarant," and "statement" in our rules of evidence. *See* TENN. R. EVID. 801. Interpretation of the rules of evidence is also a question of law. *Holder v. Westgate Resorts Ltd.*, 356 S.W.3d 373, 379 (Tenn. 2011). The "same rules of statutory construction apply in the interpretation of rules." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009). Our "goal is to ascertain and give effect to [the Tennessee Supreme] Court's intent in adopting its rules." *Id.*

Under the Tennessee Rules of Evidence, hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TENN. R. EVID. 801(c). A "declarant" is defined as "a person who makes a statement." *Id.* 801(b). And a "statement" is defined as "(1) an oral or written assertion or (2) nonverbal conduct *of a person* if it is intended by the person as an assertion." *Id.* 801(a) (emphasis added). So, for hearsay purposes, a "statement" can only be made by a person. *United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007); *see also* Jess Hutto-Schultz, *Dicitur Ex Machina: Artificial Intelligence and the Hearsay Rule*, 27 GEO. MASON L. REV. 683, 696-97 (2020) (recognizing that the hearsay rule was "designed for *human* witnesses").

Google Maps is not a person. So it is not a "declarant." *See* TENN. R. EVID. 801(b); *Washington*, 498 F.3d at 231. According to Mr. Gure, Google Maps can measure speed. Assuming it can, it functions as a tool. When a tool is "'employed to measure something,'" such as "'distance, . . . weight, volume, [or] speed,'" the tool does not make a "'statement.'" *State v. Thompson*, 167 N.E.3d 1072, 1083 (Ohio Ct. App. 2021) (citations omitted); *see United States v. Moon*, 512 F.3d 359, 362 (7th Cir. 2008) (reasoning that "instruments' readouts are not 'statements'"); *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005) (reasoning that "header information . . . automatically generated by [a] computer" involved "neither a 'statement' nor a 'declarant'"). Thus, any reading from Google Maps

4

showing speed is also not a "statement." [2]  *See Moon*, 512 F.3d at 362; *Thompson*, 167 N.E.3d at 1083.

The Google Maps evidence was not hearsay.  *Cf. United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) (rejecting the argument that evidence of GPS coordinates was hearsay because "the relevant assertion [was not] made by a person; it [was] made by the Google Earth program").  So the court erred in excluding the evidence on that basis.

Even so, an evidentiary error is not reversible unless "the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context."  TENN. R. EVID. 103(a)(2).  Reversal is also not warranted unless "a substantial right of the party [wa]s affected."  *Id.* 103(a); *see* TENN. R. APP. P. 36(b).  In other words, we will not reverse a trial court's judgment if an evidentiary error is harmless.  *See State v. Rodriguez*, 254 S.W.3d 361, 370 (Tenn. 2008).

Here, Mr. Gure made no offer of proof.  Although the context indicates the evidence relates to the speed of Mr. Gure's car at some point in time, the substance of the evidence is unclear.  The parties' briefs reflect as much.  Mr. Gure claims that he would have testified as to what Google Maps said his speed was.  But the City believes Mr. Gure "attempt[ed] . . . to admit a 'Google Speedometer' document."  On this record, we cannot properly discern the substance of the Google Maps evidence.  So we cannot determine whether the trial court's error entitles Mr. Gure to relief.  *See State v. Lowe*, 552 S.W.3d 842, 864 (Tenn. 2018).

---

[2] Generally speaking, "machines are not 'declarants.'" *Washington*, 498 F.3d at 231; *see State v. Van Sickle*, 813 P.2d 910, 913 (Idaho Ct. App. 1991) (holding that a "printout [of] a test result produced by a machine" was not hearsay because the "machine [wa]s not a 'declarant'"); *People v. Dinardo*, 801 N.W.2d 73, 79 (Mich. Ct. App. 2010) ("[A] machine is not a person and therefore not a declarant capable of making a statement.").  And "data generated by . . . machines do not constitute 'statements.'" *Washington*, 498 F.3d at 231; *see United States v. Lamons*, 532 F.3d 1251, 1263-64 (11th Cir. 2008) (reasoning that "raw billing data . . . recorded onto . . . data reels" by a machine was "not [the] statement[] of [a] person[]").  So "computer generated records are not hearsay." *State v. Hall*, 976 S.W.2d 121, 147 (Tenn. 1998); *accord Washington*, 498 F.3d at 231; *United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003); *People v. Rodriguez*, 224 Cal. Rptr. 3d 295, 314 (Cal. Ct. App. 2017) (holding that a "computer-generated report of . . . GPS data . . . did not consist of statements of a person . . . and did not constitute hearsay"); *State v. Dunn*, 7 S.W.3d 427, 431 (Mo. Ct. App. 1999) (concluding that a "trace report," which "[wa]s generated by a telephone company's computer, [wa]s not hearsay"); *State v. Weber*, 19 P.3d 378, 381 (Or. Ct. App. 2001) (reasoning that "an assertion not made by a person but by a machine . . . is not hearsay").

But there is a distinction between "computer-*stored* evidence"—which is a "collection of statements by humans"—and "computer-generated evidence."  *See* Jess Hutto-Schultz, *supra*, at 697 (citations omitted).  The former is hearsay while the latter is not.  *See id.*; *see also State v. Armstead*, 432 So. 2d 837, 839-40 (La. 1983).

Although the Google Maps evidence was admissible, the record does not sufficiently reflect the substance of the evidence. Thus, the trial court's exclusion of the evidence is not reversible error.

## C.

In considering Mr. Gure's final issue, we review the trial court's factual findings with a presumption of correctness, unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d). Evidence preponderates against a finding of fact if the evidence "support[s] another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). We give great weight to the trial court's credibility assessments. *See Watson v. Watson*, 309 S.W.3d 483, 490 (Tenn. Ct. App. 2009). Findings based on witness credibility assessments are not disturbed unless "clear and convincing evidence supports a different finding." *Coleman Mgmt., Inc. v. Meyer*, 304 S.W.3d 340, 348 (Tenn. Ct. App. 2009).

Here, the evidence does not preponderate against the trial court's finding that Mr. Gure was speeding. Officer Wilson testified that, based on his training, he visually determined that Mr. Gure was speeding. His radar—which he was certified to use and calibrated that morning—confirmed his suspicion. Mr. Gure insisted that he was not speeding and suggested that Officer Wilson's radar picked up the speed of a different vehicle. But the trial court "closely" watched the video and considered the witnesses' testimony. In finding that Mr. Gure was speeding, the court, at least impliedly, credited Officer Wilson's testimony over Mr. Gure's testimony. *See Edmunds v. Delta Partners, L.L.C.*, 403 S.W.3d 812, 824-25 (Tenn. Ct. App. 2012) ("[A] trial court's finding on credibility may be implied from the manner in which the trial court decided the case."). We find no basis to disturb that credibility assessment.

## III.

The trial court correctly denied Mr. Gure's motion to dismiss. And although it was error to exclude the Google Maps evidence on hearsay grounds, Mr. Gure failed to make an offer of proof. So we cannot determine whether the error entitles him to relief. As the record stands, the evidence does not preponderate against the court's finding that he was speeding. Thus, we affirm the judgment.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

6