WILLIAMSON COUNTY, Tennessee,
Appellant-Complainant,

v.

TWIN LAWN DEVELOPMENT COMPANY,
INC., et al., Appellee-Defendant-Third-
Party-Plaintiff,

v.

EATHERLY CONSTRUCTION COMPANY,
INC., Appellee-Third-Party-Defendant.

Supreme Court of Tennessee.

Aug. 20, 1973.

Henry Denmark Bell, Franklin, for appellant.

John M. Grissim, Tom G. Coleman, Jr., Nashville, for appellees.

OPINION

HUMPHREYS, Justice.

This appeal is concerned with Tennessee Rule of Civil Procedure, 12.01. Williamson County sued Twin Lawn Development Company, Inc. for breach of its obligation to maintain roads in a subdivision in the county, and sued Hartford Accident and Indemnity Company as surety on Twin Lawn's obligation in this regard. Twin Lawn and Hartford answered without availing themselves of the right for a more definite statement under Rule 12.05. Twin Lawn and Hartford then sued Eatherly

Construction Company, as a third party defendant, on its obligation to Twin Lawn with respect to these same subdivision roads. Eatherly Construction Company then moved under Rule 12.05 for a more definite statement by third party plaintiff Twin Lawn, and deferred filing an answer. Thereupon, Twin Lawn moved under Rule 12.05 for a more definite statement from Williamson County. The Chancellor held that Williamson County was obliged to make a more definite statement; apparently, on the assumption that Twin Lawn was entitled to such a statement in order that it might respond to Eatherly Construction's motion for a more definite statement against it. After a motion to reconsider had been overruled, Williamson County elected to stand on its complaint as filed. Whereupon the court dismissed the complaint. From this decree, Williamson County has appealed and assigned error.

Williamson County's contention is that Civil Procedure Rule 12.08 expressly provides that a defendant's right to a more definite statement is waived if he makes no motion therefor before filing an answer. The particular part of this rule relied on reads as follows:

"12.08. *Waiver of Defenses.* A party waives all defenses and objections which he does not present either by motion as hereinbefore provided, or, if he has made no motion, in his answer or reply, . . . ."

Twin Lawn concedes the possibility that its right to a more definite statement was waived when its answer was filed without a motion having been made therefor. Twin Lawn contends, however, that Eatherly Construction's motion for it to furnish a more definite statement reopens the subject so that it has the right to have a more definite statement.

We cannot agree. Rule 12.08 explicitly states that all defenses and objections not presented by prior motion, or included in the answer are waived. There is nothing to suggest that the waiver between the plaintiff and the defendant can be set aside because a third party defendant has moved for a more definite statement from the third party plaintiff. Nor, can we think of any reason why such a motion should have this effect. The impleading of the third party defendant in this case is solely for the convenience of the defendants. The plaintiff, under the pleadings, is in no way interested in that suit, and should not be held to lose the advantage it has gained under Rule 12.08 because of a motion by the third party defendant against the third party plaintiff.

Eatherly Construction Company in seeking to sustain the Chancellor, which would relieve it, relies on this provision in Rule 14.01:

"Third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff's claim."

It is rather clear that this provision has no application. Here, the motion of the third party defendant for a more definite statement is directed to the third party plaintiff, and properly so, under a part of Rule 14.01 which reads:

"The person served with a summons and third party complaint, hereinafter called the third party defendant, shall make his defenses to the third party plaintiff's claim as provided in Rule 12 and his counterclaims against the third party plaintiff and crossclaims against any other third party defendants as provided in Rule 13."

■ In sum, the ruling is that a third party plaintiff who has waived defenses and objections permitted by Rule 12 cannot, by reason of the third party defendant's motion against him, have the waiver set aside and secure for himself the benefit of a more definite statement as between himself and the plaintiff.

On remand the trial court should consider whether the third party defendant's motion for a more particular statement should

be granted against the third party plaintiff. If this motion is granted, it will then be up to the defendant, who originally conceded that he knew enough about the issues involved not to require a more particular statement to respond to such order as the trial court may make.

■ All of this is not hypertechnical, even though it may seem so. Our reason for holding as we do is our belief that Rule 12.08, Waiver of Defenses, must, as a matter of policy, be upheld. And that a waiver that has not resulted from non-negligent oversight, or nonculpable mistake, or fraud should not be set aside. This policy construction of Rule 12.08 is particularly applicable against setting aside the waiver in this case, because there is no intimation that the waiver was not knowledgeably and purposefully made.

"The doctrine of waiver is a wholesome one, and greatly facilitates the dispatch of business in the Courts, and promotes the prompt and orderly progress of a suit to final decree. If parties were allowed to go back and take advantage of a right or opportunity overlooked, neglected, or deliberately disregarded, no party could take a forward step in a litigation without danger of being compelled to retrace it in order to enable his adversary to make an attack or a defence on a ground long since passed, or to make some motion, or exercise some right or privilege he neglected to make or exercise when the opportunity was duly presented." 5th Ed. Gibson's Suits in Chancery, Vol. 1, p. 104.

And, where the merits and justice of the case are not to be directly served by a motion to set aside a waiver, but, the motion is made so the moving party can make a technical motion, it goes without saying that the motion should hardly ever be granted.

Williamson County also makes the contention that its complaint contains a plain statement of a claim showing that the pleader is entitled to relief, and that it demands a judgment for that relief. And so it meets the requirements of Rule 8.01. Since this is an issue to which the present posture of the case permits us to respond we shall do so.

All that Rule 8.01 requires of a claim is that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." Rule 12.05 provides for *testing* a claim's compliance with Rule 8.01 by authorizing a motion for a more definite statement provided the claim is *"so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,"*. The underscored words *"so vague or ambiguous"* furnish the standard by which the claim must be tested in the particular regard under consideration.

The requirements of Rule 8.01 differ materially from the requirement with respect to an original bill under § 21–105 T. C.A. That section reads, "The bill should contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition and conclude with a prayer for the required process and appropriate relief."

Gibson discusses this Code section and says that "The test of the sufficiency of the averments in a bill is: Would complainant be entitled to the special relief he prays if all the averments should be established by proof?"

Section 20–702 T.C.A. defines the basic requisites of pleadings in law cases, stating that the pleading is sufficient "(1) when it conveys a reasonable certainty of meaning; (2) when, by fair and natural construction it shows a substantial cause of action or defense." It was early said that this statute abolished the common law rule that the pleading had to be taken most strongly against the pleader and installed the rule that every reasonable intendment should be made in favor of rather than against the pleading. Hobbs v. Memphis & C. R. Co., 56 Tenn. (9 Heisk) 873 (1872). And it

was further said of this section that under it a pleading is sufficient when by a fair and natural construction it shows a substantial cause of action, and every reasonable presumption is to be made in favor of the pleading and not against it. Wheeler v. Maryville, 29 Tenn.App. 318, 203 S.W.2d 924.

These two statutes and cases applying them, although they show an early, enlightened attitude toward pleadings, are of little help in light of the standard fixed in Rule 12.05 that a claim is adequate if it is not so "vague and ambiguous" that a party could not reasonably be expected to plead to it. Nor, are we aided by the committee's comment on this rule. (See rule). So, our Rules having been taken from the Federal Rules of Civil Procedure, and the object of our virtual adoption of the federal rules being to have similar rules of procedure in state trial courts and federal district courts, it is proper that we look to the interpretation of the comparable Federal Rule, 12(e).

An excellent discussion of the limited purpose of a motion for a more definite statement appears in Wright & Miller's Federal Practice and Procedure, § 1376, page 733, Vol. 5, from which we quote with approval.

"Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." § 1376, p. 733.

\*    \*    \*    \*    \*    \*

"The current restricted scope of the motion for a more definite statement seems to be a desirable accommodation between the need to inform defendant of the claim asserted against him and the importance of preserving the integrity of the pretrial process under the federal rules. Admittedly, the net effect has been to reduce both the significance and the utility of Rule 12(e) as an information gathering tool. The frequency of Rule 12(e) motions prior to the 1948 amendment indicates that the provision often was employed as a device for harassing opponents and delaying joinder of issue as well as a vehicle for coercing detailed statements and admissions from an adverse party at an embryonic point in the litigation.

"The narrow range of application of Rule 12(e) and the recognition that many motions for a more definite statement are interposed largely for purposes of delay, raises the question of its contemporary value. Some commentators and judges have advocated that the motion be abolished entirely, thereby remitting parties who desire the clarification of a claim asserted against them to the discovery process. Unlike the early years under the federal rules, when the high incidence of Rule 12(e) motions could be explained in terms of the fact that substantial segments of the bench and bar were unfamiliar with, or felt uncomfortable using, the new pleading rules, present day practice in the federal courts has reached a sufficient state of sophistication to justify formally recognizing the relative insignificance of the pleadings by eliminating the Rule 12(e) procedure.

"There is no doubt that an overly permissive attitude toward Rule 12(e) motions does undermine the allocation of functions between the pleadings and discovery achieved by the rules, and makes the task of the pleader more onerous than the rulemakers contemplated. One fundamental aspect of the federal rules is the notion that a plaintiff who identifies the transaction or occurrence from which his grievance stems and specifies the injury inflicted upon him in a way that at least indicates some possibility of

a right to legal redress has stated a claim for relief and is entitled to attempt to flesh out his case by discovery. It never was intended that the motion for a more definite statement should upset this plan by obliging plaintiff to plead in more specific terms at the outset of the action. Moreover under the framework of the rules, plaintiff is not required either to disclose the facts underlying his claim or to limit the issues he wishes to raise until after he has had an opportunity to engage in discovery." pp. 739–741.

Briefly summarized, the allegations of the complaint filed by Williamson County against Twin Lawn Development Company, Inc., and Hartford Accident & Indemnity Company are that Twin Lawn was the developer of a subdivision in Williamson County, designated by plat book and page in County Register's office. That Twin Lawn executed a performance bond to guarantee construction of the subdivision roads and that, in September 1967, the roads having been completed in an apparently acceptable manner, the performance bond was released, and Williamson County took from Twin Lawn, with defendant Hartford as a surety, a bond whereby Twin Lawn undertook to "keep and maintain said roads in a state of good construction, repair and condition" in compliance with county highway specifications for a period of twelve months. The complaint avers that during the maintenance period the roads were subjected to the flow of much water and mud and the surface was ravaged with large ruts, washes and holes, so that the surface of the roadways, including the curbs, disintegrated. The complaint charges that the roads got in this condition because the contractor negligently installed the drainage ditches and culverts and negligently graded the subdivision lots and roadways. And that, by reason of this, it would not be possible to maintain the roads until the drainage problems were corrected. The County sought judgment requiring Twin Lawn to correct the drainage problems and to reconstruct the roads or, in the alternative, the award of a money judgment in an amount necessary to do this. The money judgment was also sought against Hartford to the extent of its obligation on the bond. This bond was exhibited to the complaint.

Although the trial judge has wide discretion in acting on motions under TRCP, this discretion can be abused. And we think it was abused in this case in the light of the proper interpretation of Rule 12.01, as indicated by the authority from which we have quoted.

Williamson County states the relief it seeks and the general factual basis for this relief. This is enough to satisfy TRCP Rule 8.01 and to save it from the requirement of a more definite statement under TRCP Rule 12.05. The fact that the allegations may point both to incorrect construction and to failure to maintain is not a reason for a more definite statement. It may be that Williamson County would be entitled to recover from one or more of the defendants on each of these grounds. How that may be, can be taken care of in the judgment.

The order of dismissal is set aside and the case remanded for further proceedings.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.