FILED

07/23/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2017

## PRIMARY RESIDENTIAL MORTGAGE, INC. v. SHERI BAKER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C2257    Joseph P. Binkley, Jr., Judge**

_____

### No. M2016-01786-COA-R3-CV

_____

Plaintiff sued a defendant for filing an unauthorized financing statement. Defendant filed a motion to dismiss and later a motion to disqualify the judge, both of which were denied. The court also ordered Defendant to file an answer. When Defendant failed to comply, the court granted Plaintiff's motion for a default judgment. Defendant's husband intervened shortly thereafter, claiming that he filed the financing statement. Defendant's husband likewise filed a motion to dismiss and a later motion to disqualify. The court denied both motions and ordered husband to file an answer. When Husband failed to do so, the court granted Plaintiff's motion for a default judgment against Husband. Husband filed a motion to set aside the default judgment, which was denied. This appeal followed. We affirm. Deeming this appeal frivolous, we award Plaintiff attorney's fees incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Sheri Baker and Deryl Baker, Nashville, Tennessee, appellants, pro se.

James A. DeLanis and Macy R. Climo, Nashville, Tennessee, for the appellee, Primary Residential Mortgage, Inc.

# OPINION

## I

In December 2011, a financing statement, otherwise known as a UCC-1, was filed listing Primary Residential Mortgage ("PRMI") and JP Morgan Chase Bank NA as debtors. The financing statement listed "sheri [sic] L Jones" as the secured party. Counsel for PRMI informed the secured party of record twice in writing that she was not authorized to file the financing statement. Counsel also demanded the filing of an amendment terminating the financing statement.

In response to its first missive, counsel received a typewritten response declining the request to terminate the financing statement. Instead, the response stated "I welcome and encourage any legal action, as I am prepared to defend my position, that's a can of worms the American people would love to see opened." The letter closed, "Sheri Baker aka Jones, SECURED PARTY CREDITOR."

Rising to the challenge, PRMI filed a complaint in the Circuit Court for Davidson County, Tennessee, against Ms. Baker alleging slander of title and the willful filing of a false financing statement. PRMI sought an order requiring Ms. Baker to file a termination statement under Tennessee Code Annotated § 47-9-513(c), statutory damages of $500 under Tennessee Code Annotated § 47-9-625(e)(3), actual damages, and costs and attorney's fees.

In response, Ms. Baker filed a motion to dismiss based on lack of personal jurisdiction.[1] Among other things, Ms. Baker argued that the court lacked personal jurisdiction because her husband Deryl Baker "mistakenly" filed the financing statement under her name. And she claimed that Mr. Baker, not her, answered PRMI's letters. Ms. Baker filed affidavits of Mr. Baker and herself in support of the motion.

In the alternative, Ms. Baker argued that she could not "reasonably admit or deny to illusory, gibberish allegation that's been plead ambiguously." Specifically, she argued that the complaint was vague because it did not identify the correct defendant, the damages suffered, the specific collateral purportedly encumbered, and the false statements in the financing statement.

The court denied Ms. Baker's motion to dismiss and ordered her to file an answer. The court also warned that it would entertain a motion for default judgment. When Ms. Baker failed to respond by the deadline, PRMI filed a motion for entry of a default judgment. Ms. Baker did not respond to the motion nor did she attend the hearing on the

---

[1] Ms. Baker also moved to dismiss for failure to state a claim upon which relief can be granted, but the denial of this relief is not an issue on appeal.

2

motion. Instead, she filed a motion to disqualify the judge under Rule 10B of the Rules of the Supreme Court of Tennessee. Among other things, Ms. Baker asserted that the judge "practiced law from the Bench, by suggestion to Ms. Baker that her motion was not proper, and she should answer the complaint, acting like a co-counsel for the plaintiff."

The court denied Ms. Baker's motion to disqualify and granted PRMI's motion for entry of a default. The court also awarded PRMI statutory damages of $500 and ordered Ms. Baker to pay all reasonable costs incurred, including attorney's fees to be determined at a later hearing.

A few days later, Mr. Baker filed a motion to intervene under Rule 24.01(2) of the Tennessee Rules of Civil Procedure, which the court granted. The court ordered PRMI to file an amended complaint and Mr. Baker to respond.

PRMI filed an amended complaint. After seeking and obtaining an extension of time to respond, Mr. Baker filed an untimely motion to dismiss. As grounds for dismissal, Mr. Baker asserted "lack of subject, personal, and territory jurisdiction."

The court denied Mr. Baker's motion to dismiss and ordered him to file an answer. Following a similar playbook to Ms. Baker, one day before the answer was due, Mr. Baker filed a motion to disqualify the trial judge. Mr. Baker alleged that the judge "refus[ed] to answer questions directed to the court" and "practice[d] law from the Bench, by interrupting Mr. Baker during his pleading, [and] by asking personal irrelevant questions to Mr. Baker."

The court denied Mr. Baker's motion to disqualify. PRMI subsequently filed a motion for entry of default judgment against Mr. Baker. The court granted PRMI's motion for default judgment, ordering Mr. Baker to file a termination statement, pay statutory damages of $500, pay damages and costs, including attorney's fees to be determined at a later hearing.

Mr. Baker filed a motion for relief from the "tainted" judgment purportedly under Rule 60.02 of the Tennessee Rules of Civil Procedure. Mr. Baker alleged fraud and that the judgment was void. The court later denied this motion.

As to damages, the court ruled that Mr. and Ms. Baker were jointly and severally liable for attorney's fees and expenses totaling $11,441.75 and statutory damages under Tennessee Code Annotated § 47-9-625(c) in the amount of $500. The court also awarded pre- and post-judgment interest. The court awarded a judgment of $10,496.27 against Mr. Baker only for attorney's fees and expenses incurred by PRMI following Mr. Baker's intervention in the case.

## II

The Bakers raise several issues and make several arguments on appeal. As we perceive it, the dispositive issues are whether the court erred in denying (1) their motions to dismiss, (2) their motions to disqualify, and (3) Mr. Baker's motion to revise.[2]

### A. Motions to Dismiss

The court denied both motions to dismiss, determining that it had both subject matter and personal jurisdiction. A court's subject matter jurisdiction may be challenged under Rule 12.02(1). Subject matter jurisdiction is "a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). It can be conferred "by constitutional or legislative act." *Id.* This determination is a question of law, which we review de novo with no presumption of correctness. *Id.*

We conclude that the circuit court had jurisdiction over the subject matter of the litigation under Tennessee Code Annotated § 16-10-101 (2009). The Bakers have not cited any legal authority to the contrary nor have they made out any cogent argument that the court lacked subject matter jurisdiction. As such, the court did not err in denying their motions to dismiss on this ground.

The Bakers also challenged the court's exercise of personal jurisdiction. A defendant may challenge the court's exercise of personal jurisdiction by way of a Rule 12.02(2) motion to dismiss. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009). If a defendant chooses to and properly supports its motion with affidavits or other evidentiary materials, the plaintiff must then "establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." *Id.* at 644. The "[f]iling [of] affidavits or other evidentiary materials to support or oppose a Tenn. R. Civ. P. 12.02(2) motion does not convert the motion into a motion for summary judgment." *Id.* In considering this motion, the court must "take as true the allegations of the nonmoving party and resolve all factual disputes in its favor." *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001). The complaint should not be dismissed unless "all of the specific facts alleged by the plaintiff collectively fail to state a prima facie case for jurisdiction." *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 855 (Tenn. Ct. App. 2000). Making such a determination presents a question of law; thus, our review of a trial court's grant or denial of the motion is de novo, with no presumption of correctness. *Gordon*, 300 S.W.3d at 645.

---

[2] The Bakers also argue that the court erred in not "void[ing]" the default judgment against Ms. Baker and for adjudging the Bakers jointly and severally liable for the statutory penalty. The Bakers did not include these issues in their statement of the issues; as such, we deem the issues waived. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) ("[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4).").

The complaint and amended complaint alleged that both Mr. and Ms. Baker reside in Davidson County, Tennessee. A Tennessee court may exercise personal jurisdiction over "[a] person domiciled in . . . the state as to any claim for relief." Tenn. Code Ann. § 20-2-222(1) (2009); *State ex rel. Belford v. Green*, No. E2004-00311-COA-R3-JV, 2005 WL 1950121, at *2 (Tenn. Ct. App. Aug. 15, 2005) ("It is axiomatic that Tennessee courts have personal jurisdiction over Tennessee residents who are served within this State."); *see also Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) ("[E]very State possesses exclusive jurisdiction and sovereignty over persons and property within its territory."). Here, Mr. and Ms. Baker do not deny that they are Tennessee residents, and in his affidavit, Mr. Baker admitted receiving and responding to a letter addressed to Ms. Baker in Nashville. We also note that Mr. Baker intervened in this case. "Jurisdiction of the person is obtained . . . by the voluntary appearance of the party in the progress of the cause." *Cooper v. Reynolds*, 77 U.S. 308, 316-17 (1870).

Two issues concerning the court's denial of the motion to dismiss are unique to Ms. Baker. First, she complains that she was not permitted to make her arguments at the hearing on the motion to dismiss. "It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue." *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990). Ms. Baker did not supply us with a transcript of the hearing at issue to confirm her version of what transpired. "We cannot simply assume that the recited facts are true." *Tenn. Firearms Ass'n v. Metro. Gov't of Nashville & Davidson Cty.*, No. M2016-01782-COA-R3-CV, 2017 WL 2590209, at *5 n.2 (Tenn. Ct. App. June 15, 2017). As such, we decline to grant Ms. Baker relief as to this issue.

Finally, Ms. Baker argues the court did not consider her alternative request for a more definite statement. Although the court's order denying her motion to dismiss did not rule on Ms. Baker's alternative request for a more definite statement, the court implicitly rejected this alternative ground by ordering her to answer PRMI's complaint. *Cf. Burlew v. Burlew*, 40 S.W.3d 465, 469 (Tenn. 2001) ("The trial court's order makes no mention of rehabilitative alimony, but the court implicitly considered and rejected the Wife's request for such alimony because her expert . . . specifically testified that she needed rehabilitative alimony so as not to deplete her share of the marital property."). We review a court's grant or denial of a request for a more definite statement under the abuse of discretion standard. *Heath v. Cornelius*, 511 S.W.2d 683, 685 (Tenn. 1974).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." Tenn. R. Civ. P. 8.01. The complaint "must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Williamson Cty. v. Twin Lawn Dev. Co.*, 498 S.W.2d 317, 320

(Tenn. 1973).  A request for a more definite statement is appropriate if the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Id.*

The trial court did not abuse its discretion.  Here, the complaint stated the relief PRMI sought and the general factual basis for this relief.  This satisfied Rule 8.01.  And we do not find the complaint vague or ambiguous.

## B. MOTIONS TO DISQUALIFY

Rule 10B of the Rules of the Supreme Court of Tennessee governs appeals from the denial of a motion for a judge's disqualification or recusal.  Rule 10B § 1.01 provides that the motion to recuse "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge."  Tenn. Sup. Ct. R. 10B § 1.01.  We have interpreted this language as mandatory. *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015).  We review a trial judge's ruling on a recusal motion "under a de novo standard of review."  Tenn. Sup. Ct. R. 10B § 2.01.  Both of the Bakers' motions to disqualify failed to comply with the requirements of the rules.  As such, the record is insufficient to support a finding of error on the part of the trial court in denying both motions.

Ms. Baker complains that the judge denied her motion to disqualify without a hearing.  Rule 10B sets forth "[t]he procedures . . . [that] shall be employed to determine whether a judge should preside over a case."  Tenn. Sup. Ct. R. 10B.  After a party files a motion for recusal as outlined above, "the judge shall act promptly by written order and either grant or deny the motion." *Id.* § 1.03.  The rule further provides that, "[i]f the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion." *Id.*  Nothing in Rule 10B requires that the judge hold a hearing on the motion before ruling on it.  And we have previously rejected the same argument. *See In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *7 (Tenn. Ct. App. Aug. 31, 2016).

## C. MOTION TO REVISE

Although styled as a Rule 60.02 motion, Mr. Baker's motion, filed after the entry of default judgment but before entry of the final order resolving the amount of damages, was essentially a Rule 54.02 motion to revise. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 489-90 (Tenn. 2012).  We review the lower court's ruling on a motion to revise under the abuse of discretion standard. *Id.* at 487.  We conclude the court did not err in denying Mr. Baker's motion to revise.

Mr. Baker first argues that the court erred by ruling on the motion without a hearing.  But Mr. Baker did not bother to answer the motion for default judgment nor did

he show up to the hearing. Under these circumstances, we conclude the court did not abuse its discretion in ruling on the motion to revise without a hearing. *See Sullivan v. Parham*, No. 85-113-II, 1985 WL 3542, at \*2 (Tenn. Ct. App. Nov. 6, 1985).

Mr. Baker next argues that the order should be revised based on fraud. According to Mr. Baker, PRMI and its previous counsel "submitted perjured testimony" leading the court to believe that PRMI had an interest in the collateral at issue and "suffered a loss." Based on his failure to file an answer and deny the allegations in the amended complaint, Mr. Baker cannot now argue that the complaint contains false factual allegations in an attempt to set aside the entry of default judgment. "Default judgment . . . is available when a party against whom a judgment or affirmative relief is sought fails to plead or otherwise defend." *Walker v. Baker*, 738 S.W.2d 194, 196 (Tenn. Ct. App. 1987) (citing Tenn. R. Civ. P. 55). That is exactly what happened here, and we conclude there was no error in granting the default.

Mr. Baker finally argues that the default judgment order was void. "[A] . . . decree is void and subject to collateral attack only where the trial court lacks general jurisdiction of the subject matter, rules on an issue wholly outside of the pleadings, or lacks jurisdiction over the party complaining." *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996); *see also Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013); *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955) (concluding that in the absence of subject matter jurisdiction, a court cannot enter a valid, enforceable order). Based on our conclusion that the court had both personal and subject matter jurisdiction and our review of the pleading, this argument also lacks merit.

### E. FRIVOLOUS APPEAL

PRMI asserts that this appeal is frivolous, and thus it is entitled to damages, including costs, interest, and expenses incurred on appeal. Under Tennessee Code Annotated § 27-1-122 (2017), an appellate court may award damages against an appellant if an appeal is frivolous or taken solely for delay. The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

We find this appeal to be frivolous. A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success." *Davis*, 546 S.W.2d at 586. As our supreme court has observed,

> [An] appeal is recognizable on its face as devoid of merit [when i]t presents no justiciable questions—neither debatable questions of law nor findings of fact not clearly supported. It is difficult to believe that such an appeal

7

could serve any purpose other than harassment. . . . In the words of Abraham Lincoln [such an] appeal is 'as thin as the boiled shadow of a homeopathic pigeon.'

*Id*. Such is the case here.

### III.

Based on the foregoing, we affirm the judgment of the circuit court in all respects. We also grant Primary Residential Mortgage, Inc. its request for damages incurred on appeal. We remand this case to the circuit court for assessment of the proper amount of damages under the statute.

_____
W. NEAL MCBRAYER, JUDGE