IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 2, 2019 Session

## THEOPHILUS EBULUEME v. FRED E. ONOH

**Appeal from the Circuit Court for Montgomery County**
**No. MC CC CV 15-1403      Ross H. Hicks, Judge**

_____

### No. M2018-00742-COA-R3-CV

_____

The Circuit Court for Montgomery County ("the Trial Court") entered a default judgment in favor of Theophilus Ebulueme ("Plaintiff") in this breach of contract action.  Fred E. Onoh ("Defendant") filed a motion pursuant to Tenn. R. Civ. P. 60 to vacate the judgment asserting that Defendant was not properly served and never received notice of the suit.  The Trial Court denied the Rule 60 motion.  Defendant appealed to this Court. We find and hold that Plaintiff did not achieve personal service and that the service by publication that was attempted was improper.  As such, Plaintiff failed to properly serve Defendant rendering the default judgment void.  We, therefore, vacate the Trial Court's August 7, 2017 order granting a default judgment and the Trial Court's order denying Defendant's Rule 60 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J. M.S. and ANDY D. BENNETT, J., joined.

James W. Cobb, Kaleigh Rose Thacker, and Anthony Adewumi, Madison, Tennessee, for the appellant, Fred E. Onoh.

R.W. Shick, Jr., Gallatin, Tennessee, for the appellee, Theophilus Ebuleme.

# OPINION

## Background

In July of 2015, Plaintiff filed his complaint against Defendant alleging breach of a contract with regard to a loan to purchase a semi-truck. In May of 2017, Plaintiff filed a motion for a default judgment alleging that Plaintiff unsuccessfully had attempted to serve process upon Defendant at his usual place of abode in Nashville in Davidson County on nineteen occasions. On the nineteenth attempt, the process server posted the summons and complaint on the door of the abode. After the unsuccessful attempts at personal service, Plaintiff attempted service by publication in the Clarksville Leaf Chronicle, which is distributed primarily in Montgomery County. After the publication and upon motion by the Plaintiff, the Trial Court entered an order on August 7, 2017 granting a default judgment against Defendant in the amount of $45,000.

In December of 2017, Defendant filed a motion pursuant to Tenn. R. Civ. P. 60 seeking to vacate the default judgment alleging that Defendant was unaware of the suit until he received a letter from Plaintiff's attorney informing him that a judgment had been taken against him. Defendant supported his motion with his affidavit in which he asserted that he never was properly served and that the address where Plaintiff had attempted to serve him in Nashville indeed was Defendant's address.

The Trial Court denied Defendant's Rule 60 motion by order entered April 3, 2018. Defendant appeals to this Court.

## Discussion

Although not stated exactly as such, Defendant raises one dispositive issue on appeal: whether the Trial Court erred in denying his Rule 60 motion to vacate based upon the fact that Defendant never was served properly. Defendant filed his motion pursuant to Tenn. R. Civ. P. 60.02(3) alleging that the default judgment was void and Tenn. R. Civ. P. 60.02(5) alleging that Defendant never was properly served with the summons, complaint, motion for default judgment, notice of hearing, order granting the default judgment, or any other orders in this suit.

As our Supreme Court has explained:

> In general, we review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure ("Tennessee Rule 60.02") pursuant to the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012)

2

(citing *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003)). We have not previously considered whether this standard applies to a trial court's ruling on a motion alleging that a judgment is void for lack of jurisdiction under Tennessee Rule 60.02(3). Nevertheless, we have previously held that "[w]hether a trial court has subject matter jurisdiction over a case is a question of law that we review de novo with no presumption of correctness." *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 122 (Tenn. 2013) (citing *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012)). Moreover "[a] decision regarding the exercise of personal jurisdiction over a defendant involves a question of law" to which de novo review applies, *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009), and de novo review also applies when we are interpreting the Tennessee Rules of Civil Procedure, *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

Furthermore, when interpreting our own rules of civil procedure, we consult and are guided by the interpretation that has been applied to comparable federal rules of procedure. *Id*. at 261–62; *see also Williamson Cnty. v. Twin Lawn Dev. Co.*, 498 S.W.2d 317, 320 (Tenn. 1973) ("[O]ur Rules having been taken from the Federal Rules of Civil Procedure, and the object of our virtual adoption of the federal rules being to have similar rules of procedure in state trial courts and federal district courts, it is proper that we look to the interpretation of the comparable Federal Rule.").

Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Federal Rule 60(b)(4)") is comparable, indeed, identical to Tennessee Rule 60.02(3). Federal courts apply de novo review when considering a district court's ruling on a Federal Rule 60(b)(4) motion. *See Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003) ("Almost every Circuit has adopted de novo review of [Federal] Rule 60(b)(4) motions, and we know of no Circuit that defers to the district court on a [Federal] Rule 60(b)(4) ruling." (citing *Vinten v. Jeantot Marine Alliances, S.A.*, 191 F.Supp.2d 642, 649–50 & nn. 12–13 (D.S.C.2002) (collecting cases)); *Jackson v. FIE Corp.*, 302 F.3d 515, 522 (5th Cir. 2002) ("[W]e review Rule 60(b)(4) challenges [to a void judgment] de novo "because it is 'a per se abuse of discretion for a district court to deny a motion to vacate a void judgment.' " (quoting *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir.1998)); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (stating that de novo review applies to a federal district court's ruling on a motion for relief from a void judgment based on Rule 60(b)(4) of the Federal Rules of Civil Procedure " 'because the question of the validity of a judgment is a

legal one.' " (quoting *Export Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995))). We agree with the rationale of these decisions and will apply de novo review, with no presumption of correctness, when reviewing a trial court's ruling on a Tennessee Rule 60.02(3) motion to set aside a judgment as void.

*Turner v. Turner*, 473 S.W.3d 257, 268-69 (Tenn. 2015).

In *Turner*, our Supreme Court discussed personal jurisdiction and void judgments stating:

> The lawful authority of a court to adjudicate a controversy brought before it depends upon that court having jurisdiction of the subject matter and jurisdiction of the parties. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Brown v. Brown*, 155 Tenn. 530, 296 S.W. 356, 358 (1927). . . . Personal jurisdiction refers to the power of a court over the parties to the controversy to render a binding judgment. *Landers*, 872 S.W.2d at 675. The concepts of subject matter jurisdiction and personal jurisdiction are fundamentally different. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–03, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982); *Landers*, 872 S.W.2d at 675.

> * * *

> By contrast, personal jurisdiction recognizes and protects an individual liberty interest that flows from the Due Process Clause and requires that maintenance of the suit "not offend 'traditional notions of fair play and substantial justice.' " *Ins. Corp. of Ireland*, 456 U.S. at 702, 102 S.Ct. 2099 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Id.* at 703, 102 S. Ct. 2099. Because the requirement of personal jurisdiction functions to protect an individual right, it can, like other such rights, be waived. *Id.*; *Landers*, 872 S.W.2d at 675.

> * * *

> A judgment rendered by a court lacking either personal or subject matter jurisdiction is void. *Ins. Corp. of Ireland*, 456 U.S. at 694, 102 S. Ct. 2099;

4

*Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013); *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996).

*Turner*, 473 S.W.3d at 269-70 (footnote omitted).

"A court obtains personal jurisdiction over a party defendant by service of process." *Turner*, 473 S.W.3d at 271. Pursuant to Tenn. R. Civ. P. 4:

Service [upon a Defendant within the State] shall be made as follows:

(1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

* * *

(10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.04.

5

The record on appeal reveals that Plaintiff failed to achieve personal service upon Defendant. Despite numerous attempts, Plaintiff failed to deliver a copy of the summons and complaint to Defendant, and Plaintiff also failed to leave a copy of the summons and complaint at Defendant's abode with "some person of suitable age and discretion then residing therein . . . ." Tenn. R. Civ. P. 4.04(1). Plaintiff never attempted to serve Defendant by mail. Rule 4.04 does not provide for service by posting a copy of the summons and complaint upon the door of a defendant's abode. As such, Plaintiff failed to achieve personal service upon Defendant.

After failing to achieve personal service, Plaintiff attempted to achieve service by publication. Plaintiff asserts in his brief on appeal that he attempted service by publication pursuant to Tenn. R. Civ. P. 4.08, which provides:

> **4.08. Constructive Service. --** In cases where constructive service of process is permissible under the statutes of this state, such service shall be made in the manner prescribed by those statutes, unless otherwise expressly provided in these rules.

Tenn. R. Civ. P. 4.08.

The statutes Plaintiff relied upon for authority to serve by publication are Tenn. Code Ann. § 21-1-203 and § 21-1-204. We note, however, that these statutes deal with suits in chancery court, not circuit court. This Court has discussed the issue of whether these statutes dispense with personal service in a circuit court stating:

> The case of *Continental Ins. Co. v. Masters*, No. 01A01-9206CH00254, 1993 WL 4856 (Tenn. App. Jan.13, 1993) sheds further light on this issue. In *Continental*, the plaintiffs, Jimmy R. and Brenda Masters, filed a tort action against the defendants, Caruthers & Son, Inc, and obtained jurisdiction by personal service of process. The defendant's insurance carrier undertook the defense of the claim and the plaintiffs voluntarily dismissed the action. The Masters refiled their action in circuit court, but because the corporation's charter had been revoked in the meantime, the Masters were unable to personally serve any officer or agent of the corporation. Being unable to serve the defendant, the Masters obtained an order of publication which ran four weeks in the Nashville Record. The trial court ultimately entered a default judgment against the defendants in the amount of $100,000.00.

6

Continental Insurance Company filed an action in chancery court for a declaration that the judgment was void for lack of personal jurisdiction. The Masters insisted that the judgment against defendants was valid as the circuit court obtained jurisdiction by publication. In this contention, the Masters relied upon Tenn. Code Ann. § 21-1-203(a) which dispenses with personal service in a court of chancery in certain circumstances. The Masters asserted that the statute applies to circuit and chancery courts alike because the Tennessee Rules of Civil Procedure now prescribe the same procedure for both courts. The Court of Appeals stated as follows:

> We think the appellant is mistaken. Tenn. R. Civ. Proc. 4.05 deals with constructive service and the comments to the rule make it clear that, unless specifically changed by the rules, "no changes in the statutes governing constructive service are intended." Therefore, in accordance with the rules, the statute does not apply to the circuit court.

> Beyond that obvious difficulty, however, is the notion that Tenn. Code Ann. § 21-1-203 gives the court the power to render a purely personal judgment against a defendant where the only service is by publication . . . In other cases involving the general law (and not Tenn. Code Ann. § 21-1-203 specifically) the courts have been equally definitive. "In actions purely personal [the defendant] is entitled to personal service on himself, or on someone standing before the law as his proper representative; and no valid personal recovery can be had against him without such service . . ."

> [I]n effect, the statute provides a means of giving notice to interested parties when the court is acting *in rem*. [citation omitted].

> We are satisfied that even if Tenn. Code Ann. § 21-1-203 could be applied in circuit court it would not give the court the power to enter a personal judgment against a defendant where the defendant was served by publication only.

*Continental* at *1, *2.

7

The Tennessee General Assembly has chosen to authorize the utilization of service by publication in certain specific instances. Such instances have been codified as statutes in the Tennessee Code. Nowhere in the Tennessee Code does the General Assembly authorize service by publication for civil negligence actions filed in circuit court. In the absence of such a statute, service by publication is not a valid method of achieving service upon a defendant.

*Scroggins v. Goss*, No. 01A01-9811-CV-00580, 1999 WL 820742, at \*\*3-4 (Tenn. Ct. App. July 14, 1999), *no appl. perm. appeal filed*.

The case now before us on appeal is a breach of contract suit filed in circuit court. Plaintiff has cited this Court to no statute allowing for service by publication in a breach of contract action in circuit court[1], nor has our research uncovered any[2]. As such, Plaintiff could not utilize service by publication pursuant to Tenn. R. Civ. P. 4.08. Given all of the above, Plaintiff failed to achieve service upon Defendant.

Even if we are incorrect and Plaintiff were allowed to utilize Tenn. Code Ann. § 21-1-203 and § 21-1-204 in this case, the constructive service by publication attempted by Plaintiff was insufficient. As our Supreme Court discussed in *Turner*:

Constructive service by publication of a small notice in the classified section of a local newspaper has been an accepted method of substituted service for well over a century. *See, e.g., Pennoyer v. Neff*, 95 U.S. 714, 727, 24 L. Ed. 565 (1877). However, sixty-five years ago, the United States Supreme Court clarified that constructive service by publication is permissible only if it is accomplished in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings.

---

[1] Plaintiff cited this Court to Tenn. Code Ann. § 16-11-102(a), which addresses subject matter jurisdiction not personal jurisdiction and service of process.

[2] Our research did disclose statutes that allow for the use of Tenn. Code Ann. § 21-1-203 in certain types of circuit court cases. *E.g.*, Tenn. Code Ann. § 67-5-2414 providing: "All such suits [with regard to delinquent property taxes], whether brought in the chancery court or circuit court, shall be prosecuted according to the rules of procedure of courts of chancery, . . . ." Tenn. Code Ann. § 67-5-2414 (2018); *State v. Woodcock*, No. E2015-01877-COA-R9-CV, 2016 WL 3677342, at \*6 (Tenn. Ct. App. July 5, 2016), *no appl. perm. appeal filed* (stating: "Inasmuch as a complaint for divorce may be filed in 'the chancery or circuit court or other court having divorce jurisdiction,' *see* Tenn. Code Ann. § 36-4-105(a) (2014), section 21-1-203 applies equally to divorce actions filed in circuit court, such as the one at issue here. *See* Tenn. Code Ann. § 36-4-108(a) (2014) (providing that a divorce 'complainant . . . shall have the usual process to compel the defendant to appear and to answer the bill, or it may be taken for confessed, as in other chancery cases.')").

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

* * *

Nevertheless, the Supreme Court reiterated that "when notice is a person's due, process which is a mere gesture is not due process." *Id.* at 315, 70 S. Ct. 652. The Supreme Court highlighted some of the problems with publication notice:

> It would be idle to pretend that publication alone . . . is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed . . . In weighing its sufficiency on the basis of equivalence with actual notice, we are unable to regard this as more than a feint.

*Id.* For missing or unknown persons, the Supreme Court explained that service by this "indirect and even . . . probably futile" means – publication - does not raise Due Process concerns. *Id.* at 317, 70 S. Ct. 652. But as to known parties with known addresses, the Supreme Court concluded that notice by publication is constitutionally defective because it is not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S. Ct. 652.

*Turner*, 473 S.W.3d at 272.

In the case now before us on appeal, Plaintiff attempted to personally serve Defendant at Defendant's last known address in Davidson County. When Plaintiff was unsuccessful in personally serving Defendant, Plaintiff then attempted service by publication in a paper distributed primarily in Montgomery County. As the United States Supreme Court noted:

9

Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed . . . .

*Mullane*, 339 U.S. at 315, 70 S. Ct. 652. Clearly, Defendant made his home outside of the area of the normal circulation of the paper Plaintiff chose for his attempted service by publication. As such, this publication in a paper circulated primarily in a county where Defendant does not reside cannot be considered reasonably calculated to give Defendant notice of the suit. Therefore, the service by publication attempted by Plaintiff was insufficient, and Plaintiff failed to achieve service upon Defendant by publication.

As Plaintiff failed to properly serve Defendant, the Trial Court lacked personal jurisdiction, and the judgment rendered against Defendant was void. We, therefore, vacate the Trial Court's August 7, 2017 order granting a default judgment and the Trial Court's order denying Defendant's Rule 60 motion.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellee, Theophilus Ebuleme.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

10